Gerald Washington, Petitioner *v.* Julius T. Cuyler, Superintendent State Correctional Institution at Graterford, Pennsylvania and William B. Robinson, Commissioner Pennsylvania Bureau of Corrections, Respondents.

Submitted on briefs before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Gerald A. Washington,* for himself, petitioner.

*Jerry I. Drew,* Assistant Attorney General, with him, *Michael von Moschzisker,* Deputy Attorney General, and *Edward G. Biester, Jr.,* for respondents.

Opinion by Judge MacPhail, January 10, 1980:

This matter is before us on a motion for summary judgment filed by Julius T. Cuyler, Superintendent of the State Correctional Institution at Graterford, Pennsylvania and William B. Robinson, Commissioner of the Pennsylvania Bureau of Corrections (collectively, Respondents).

Gerald A. Washington (Petitioner) has filed a Petition for Review addressed to this Court's orig-

inal jurisdiction under Section 761 of the Judicial Code, 42 Pa. C.S. §761 alleging that his constitutional rights have been and are being violated during his confinement at the State Correctional Institution at Graterford. Petitioner requests an order from this Court directing that the injustices claimed cease, and that he be compensated for damages incurred as a result of those injustices. Respondents filed an answer which in six instances denies Petitioner's factual allegations and demands strict proof thereof at trial. Under New Matter, Respondents state inter alia that "the complaint fails to state a cause of action upon which relief can be granted." Respondents ask for summary judgment "based upon Plaintiff's failure to state a cause of action." Respondents' motion for summary judgment is physically bound with a memorandum of law in support of the motion. On the last page thereof is an Affidavit of Service by counsel for Respondents stating that a true and accurate copy of the attached "Defendant's Motion for Summary Judgment" was sent to Petitioner on August 8, 1979 by certified mail return receipt requested.

Upon the filing of Respondent's motion for summary judgment, our Court directed Respondents to file briefs on or before August 13, 1979 and "simultaneously serve a copy thereof on Petitioner."

Respondents' brief is directed solely at the issue of whether a cause of action has been stated in Petitioner's Petition for Review. Petitioner's brief simply states that he has never received a copy of Respondents' *brief* and asks that the motion for summary judgment be dismissed for that reason. Pa. R.A.P. 2188 provides sanctions for failure to *file* briefs, but there is no provision in the rules for a penalty where briefs are not *served*. It stands to reason, however, that this Court cannot decide a mat-

ter on brief if the Petitioner claims he never received the brief. Here, there is nothing in the affidavit of service which would indicate that a copy of the brief was served upon the Petitioner other than the fact that the motion and brief are bound as one document for filing in this Court. If this was the only difficulty with the procedural posture of this case, we would simply order a new service or a revised affidavit of service and permit Petitioner to file a brief addressing the substantive issues raised by the pleadings.

However, it is procedurally impossible for us to treat what appears to be a demurrer when the demurrer is raised under New Matter in Respondents' answer in clear violation of the Rules of Civil Procedure[1] which are made applicable to matters brought before us within our original jurisdiction by the provisions of Pa. R.A.P. 106. Because Respondents' motion is limited to the sole issue of Petitioner's alleged failure to state a cause of action, a matter which can only be raised by preliminary objection, we cannot address it.

Finally, we have noted that Respondents' answer demands proof at trial of certain allegations set forth in the Petition for Review. Pa. R.C.P. No. 1035 permits us to enter summary judgment only where there is no issue of material fact and where the moving party is entitled to judgment as a matter of law. By the terms of Respondents' own pleading issues of fact have been raised, at least some of which appear to us to be material.

For all of the foregoing reasons, we will deny Respondents' motion without reaching the substantive issues presented by the Petition and discussed in Respondents' brief.

---

[1] Pa. R.C.P. Nos. 1017 and 1030.

## ORDER

AND Now, this 10th day of January, 1980 the motion of Julius T. Cuyler, Superintendent of the State Correctional Institution at Graterford, Pennsylvania and William B. Robinson, Commissioner of the Pennsylvania Bureau of Corrections for summary judgment is denied.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.