Isobel Storch, an individual citizen, Petitioner *v.* Pennsylvania Board of Probation and Parole, Respondents.

Heard June 1, 1982, by Judge BLATT

*Helen M. Lynch*, for petitioner.

*Francis R. Filipi*, Deputy Attorney General, with him *LeRoy S. Zimmerman*, Attorney General, for respondents.

MEMORANDUM OPINION BY JUDGE BLATT, June 24, 1982:

Isobel Storch (Petitioner) has been employed as a parole agent for the Pennsylvania Board of Probation and Parole (Board) since 1974. She completed law school in June, 1979 and passed the Pennsylvania Bar Examination the following October. On June 4, 1980 she sought permission from the Board to engage in supplemental employment:

I am formally requesting permission to engage in a private civil law practice which will be conducted during my off-duty hours.

Such law practice will not conflict with my official duties as a parole agent nor will it adversely affect my judgment, independence or actions in the performance of such duties.

I shall not accept business from my active caseload or any other cases where a conflict is present. If such a conflict would arise, I will immediately refrain from dealing with the individual as an attorney.

The Board sought and received an opinion from the Attorney General in this matter, and, on the basis of an October 23, 1980 memorandum from a Deputy Attorney General, denied the petitioner permission to practice law in her off-duty hours while employed by the Board. The petitioner then filed a petition for a writ of mandamus under our original jurisdiction in this Court by which she sought to have the Board commanded to grant her permission to engage in supplementary employment as a lawyer; she also sought judgment against the Board and damages. The Board's preliminary objections were overruled and the matter is presently before us on the petitioner's motion for partial summary judgment in its favor on the issue of liability, reserving the issue of damages for a later proceeding, pursuant to Pa. R.C.P. No. 1035. Summary judgment may be entered, of course, only where no issue of material fact exists and where the moving party is entitled to judgment as a matter of law. *Washington v. Cuyler*, 48 Pa. Commonwealth Ct. 409, 409 A.2d 974 (1980). By order filed on June 4, 1982, this Court granted the petitioner's motion, vacated the decision of the Board and ordered it to grant permission to the petitioner to engage in supplemental employment as an attorney in civil law practice in which she would not represent any person upon any matter before or involving the Commonwealth and in which she would avoid any other situation which would constitute a conflict of interest with her job as a parole agent. This opinion follows and is in support of our June 4, 1982 order.

The opinion of the Deputy Attorney General upon which the Board relied was premised upon two considerations: (1) the restrictions applicable to Commonwealth attorneys and (2) the petitioner's status as a Commonwealth employee. It examined Chapter 181 of the Pennsylvania Code, 37 Pa. Code §§181.1-181.5,

which lists the rules and conditions of employment, including limitations on outside employment applicable to all salaried attorneys appointed by the Attorney General, 37 Pa. Code §181.1, and concluded that "Ms. Storch is not, strictly speaking, a Commonwealth attorney." The opinion went on to add, however, that "as a state employee she would inevitably be exposed to the kinds of conflict of interest situations in private practice which the standards were designed to eliminate." The fact is, however, that she is not employed, nor has she been appointed or compensated, *as an attorney* by the Commonwealth and, consequently, she is not a member of the group to which Chapter 181 applies. Its restrictions, therefore, cannot be extended to apply to her.

The opinion also relied on the State Adverse Interest Act (Act), Act of July 19, 1957, P.L. 1017, 71 P.S. §§776.1-776.8, with particular reference to the requirement of Section 7 that "[n]o State employe, except in the performance of his duties as such employe, shall, for remuneration, directly or indirectly, represent any other person upon any matter pending before or involving any State agency." 71 P.S. §776.7. This section of the Act, however, does not prohibit a state employee from representing another, it merely prohibits an employee from representing another, either directly or indirectly, in a matter pending before or otherwise involving a state agency.

The opinion likewise relied[1] on the conflict of interest provisions of the Code of Ethics for Appointed Officials and State Employees (Code of Ethics), 4 Pa.

---

[1] The October 23, 1980 opinion improperly relied upon and quoted from the provisions of the Code of Ethics as in effect prior to its amendment by Executive Order on September 3, 1980, and effective as of that date. Amendment of the pertinent provisions is not substantive, however, and does not, therefore, alter the resolution of this case.

Code §§7.151-7.159, relying particularly upon Section 7.152, which provides:

> Representation of interests.
>
> No employe, appointee or official in the Executive Branch of the Commonwealth shall represent or act as agent for any private interest, whether for compensation or not, in any transaction in which the State has a direct and substantial interest and which could be reasonably expected to result in a conflict between a private interest of the official or employe and his official State responsibility.

The petitioner has, however, made clear from the outset her intention to avoid those representational situations in which a conflict of interest might arise.

As to the question of supplementary employment Section 7.156 of the Code of Ethics specifically provides in pertinent part:

> No employe, appointee, or official in the Executive Branch of the Commonwealth shall engage in or accept private employment or render services for a private interest unless such employment or service is approved in advance by the Head of the Agency to which the affected person is assigned. Supplementary employment may be undertaken only when not in conflict with the conditions of employment regulations promulgated by the Executive Board and, if applicable, the Civil Service Commission. Furthermore, supplementary employment may be undertaken only when not in conflict with the conditions of employment or regulations promulgated by the government agency by which such official or employe is employed.

The Board of Probation and Parole Manual of Operations and Procedures (Manual) prohibits employee in-

volvement in any form of activity which could be considered a conflict of interest, and, in outlining various types of adverse interests, the Manual addresses considerations governing supplementary employment with Commonwealth as well as with non-Commonwealth employers. As to the latter, Section K(8)(c)(5)(b) of Chapter XII of the Manual provides that:

> No employe shall engage in or accept private employment or render services for private interests when such employment or service is incompatible or in conflict with the proper discharge of official duties or would tend to impair his or her independence, judgment or action in the performance of official duties. Supplementary employment may be undertaken only when not in conflict with the conditions of employment regulations promulgated by the Executive Board and, if applicable, the Civil Service Commission. Prior approval by the Board is required in all full and part-time supplemental employment.

The Manual also provides that employees violating the Manual provisions are subject to immediate dismissal or other disciplinary action by the appointing authority. Section K(8)(c)(6) of Chapter XII of the Manual. In the June 4, 1980 letter in which the petitioner sought permission to engage in supplementary employment as a private civil law practitioner, she included not only her pledge to avoid conflict of interest situations but also a statement that "[s]uch law practice will not conflict with my official duties as a parole agent nor will it adversely affect my judgment, independence or actions in the performance of such duties." She also indicated her intention to refrain from accepting as a client anyone carried on her active caseload as a parole agent. In the presence of this delineation of a practice limited, by definition, to non-

criminal law and non-state related matters, it is difficult to find any incompatibility or conflict of interest — either actual or potential. Neither the Act nor the Code of Ethics prohibits a Commonwealth employee from engaging in a supplemental law practice; they only restrict and limit the degree to which an employee can do so.

Mandamus is, of course, an equitable remedy which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. *Nicolella v. Trinity Area School District School Board,* 444 Pa. 544, 281 A.2d 832 (1971). Mandamus does not lie, however, to compel the performance of a discretionary act unless the exercise or non-exercise of discretion is shown to be arbitrary, fraudulent or based upon a mistaken view of the law. *Lancaster County Tavern Owners Association v. Pennsylvania Liquor Control Board,* 40 Pa. Commonwealth Ct. 201, 396 A.2d 918 (1979). And it is clear that the supplemental employment envisioned by the petitioner here does not violate the statutory, regulatory or policy criteria utilized by the Attorney General's office and relied upon, in turn, by the Board in denying the petitioner permission to work as an attorney in her off-duty hours. We believe, therefore, that the Board acted improperly in forbidding her such employment.

The Board contends that it is immune from suit on the issue of liability. Immunity from suit is an affirmative defense, of course, which should be raised under the heading of "New Matter." *Heifetz v. Philadelphia State Hospital,* 482 Pa. 386, 390-91 n. 5, 393 A.2d 1160, 1162 n. 5 (1978); Pa. R.C.P. No. 1030. And, in its responsive pleading under "New Matter" the Board advanced an assertion of official immunity

and also sought to invoke immunity under Section 512 of the Administrative Code (Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §192, repealed by Section 503 of the Commonwealth Attorneys Act (Attorneys Act), Act of October 15, 1980, P.L. 950, 71 P.S. §732-503. A similar provision is now found at Section 204 of the Attorneys Act, 71 P.S. §732-204. These defenses, however, are not appropriately asserted by governmental entities but are instead, defenses available to public officials sued in their individual capacity. Section 512 of the Code, which was in effect until January 20, 1981 and, therefore, controlling at the time of the Deputy Attorney General's October 23, 1980 memorandum and of the Board's November 26, 1980 denial of permission, provides in pertinent part that:

> It shall be the duty of any department, board, commission, or officer, having requested and received legal advice from the Department of Justice regarding the official duty of such department, board, commission, or officer, to follow the same, and, *when any officer* shall follow the advice given him by the Department of Justice, *he* shall not be in any way liable for so doing, upon his official bond or otherwise. (Emphasis added.)

This section, therefore, affords immunity from liability to a state officer who, in the exercise of his duty under the statute, follows the legal advice sought. And the doctrine of official immunity affords protection from personal accountability to public officials who meet the judicially established requirements set forth by our Supreme Court. *Estate of Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979). The present action, however, has been brought against the Board and not against any of its members individually, and the

Board, therefore, enjoys immunity from suit for liability for damages under the doctrine of sovereign, rather than official, immunity. 42 Pa. C. S. §8522. However, the defense of sovereign immunity is an affirmative defense which should be raised as New Matter, Pa. R.C.P. No. 1030; this the Board has not done, and it has failed, therefore, to assert its entitlement to immunity from suit on the question of liability in this matter.

And, therefore, by our order of June 4, 1982, the petitioner's motion for summary judgment was granted and this opinion is filed in support thereof.

ORDER

AND, Now, this 4th day of June, 1982, their being no genuine issue as to any material fact in this matter and the right to the partial summary judgment requested by the petitioner being clear, the petitioner's motion is granted and judgment is hereby entered against the respondent, the Pennsylvania Board of Probation and Parole, on the issue of liability, leaving the suit to be tried only as to the amount of the petitioner's damages, if any.

IT IS FURTHER ORDERED that the decision of the respondent, denying permission to the petitioner to engage in supplemental employment as an attorney in a civil law practice in which she would not represent any person upon any matter before or involving the Commonwealth and in which she would avoid any other situation which would constitute a conflict of interest with her job as a parole agent for the Pennsylvania Board of Pardons and Parole, is vacated, and the respondent is ordered to grant permission to the petitioner to engage in supplemental employment subject to the above-stated limitations.