Sarah A. Todd Memorial Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued November 15, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*William F. Martson,* P.C., with him, *Daniel K. Deardorff,* for petitioner.

*Reed Hamilton,* with him, *Carolyn B. McClain,* Assistant Attorneys General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 29, 1980:

The Sarah A. Todd Memorial Home appeals a decision of a Department of Justice-appointed fair hearing examiner[1] affirming a proposed negative recommendation of the Department of Health in a matter arising from Section 1122 of the Federal Social Security Act.[2] We now grant the Department's motion to quash.

---

[1] The hearing examiner is appointed pursuant to Federal Regulations found at 42 C.F.R. §100.106 (1978). He acts completely independent of, and his decision is not reviewable by, the Pennsylvania Department of Justice.

[2] 42 U.S.C. §1320a-1.

Section 1122 and implementing Federal regulations[3] permit the Federal government to enter into agreements with the states to organize a rational system of health care and facility planning. The purpose of this act is to curb soaring Federal medical expenditures by insuring that unneeded facilities are not supported by tax dollars.

The Todd Home ultimately seeks Section 1122 project "need" approval from the Secretary of Health, Education and Welfare which, if granted, would entitle it to reimbursement for certain costs associated with the construction of a new nursing home.[4] The approval process required the Todd Home to submit an application to a statewide designated planning agency (here, the Department of Health) for project approval. The Department submitted the application to a local regulatory body of health systems agency. This body is governed by regulations and guidelines resulting from implementation of the Section 1122 approval process. The local agency endorsed the proposed project.

The Department of Health, charged with the duty of reviewing the actions of the local regulatory agency, determined that there was no "need" for the construction project and informed the Todd Home of its proposed negative recommendation to the Secretary of Health, Education and Welfare. The Todd Home appealed this determination and pursuant to Section 1122 procedure, a fair hearing was granted at which time the Department and the Todd Home produced testimony. The hearing examiner affirmed the Department's decision that the additional beds asso-

_____

[3] 42 C.F.R. §100.101 et seq. (1978).

[4] A negative recommendation does not prohibit the project but restricts federal reimbursements for interest and depreciation associated with capital improvements.

ciated with the proposed home were not needed. The Secretary of Health, Education and Welfare has yet to receive the proposed negative recommendation of the Department.[5]

In appeals of this nature, our jurisdiction is limited by 42 Pa. C.S. §763(a) to a review of final administrative agency determinations. This type of action does not constitute such an appeal. Viewed as an appeal from a hearing examiner, it is clear that the requirement of administrative agency action is lacking. *N.A.A.C.P. v. Wilmington Medical Center, Inc.*, 436 F. Supp. 1194 (1977), *aff'd* 584 F.2d 619 (1978). Viewed as an appeal from a proposed negative recommendation by the Department of Health, the necessary requisite of finality is absent. *Edgewood School District v. State Board of Education*, 17 Pa. Commonwealth Ct. 136, 330 A.2d 880 (1975).

We are aware that the General Assembly, effective October 1, 1979, has provided an entirely new mechanism for disposing of Section 1122 project applications.[6] A newly created administrative agency, the State Health Hearing Board, is created to review Department determinations. This act expressly empowers this Court to determine appeals from the new Board. This act is not retroactive, and we are powerless to interject ourselves in the administrative process as currently constituted.

Accordingly, we

ORDER

AND Now, this 29th day of January, 1980, the Motion to Quash filed by the Department of Health is granted.

---

[5] The decision of the Secretary is final as the act expressly prohibits judicial review of the Secretary's decision.

[6] Section 101 of the Health Care Facilities Act, Act of July 19, 1979, P.L.    , *as amended*, 35 P.S. §448.101.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.