Mallard Associates, a Pennsylvania limited partnership, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Harold Cramer*, with him *Jeffrey Cooper, Mesirov, Gelman, Jaffe, Cramer & Jamieson*, for petitioner.

*Carolyn B. McClain*, with her *Reed Hamilton*, Chief Counsel, and *Ruth M. Siegel*, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, November 24, 1980:

Mallard Associates sought approval from the Secretary of Health, Education and Welfare (HEW) for the construction of a 120-bed nursing home in Tredyffrin Township, Chester County, under the "need" criteria of Section 1122 of the Social Security Act.[1]

---

[1] 42 U.S.C. §1320a-1. Section 1122 and implementing Federal regulations, 42 C.F.R. §100.101 et seq. (1978), provide a system of health care and facility planning between the Federal government and the states to insure that unneeded facilities are not supported by tax dollars.

The Secretary's approval would make Mallard eligible for reimbursement of certain interest and depreciation payments associated with capital improvements in the construction of new nursing homes.[2]

In December of 1978, the Health Systems Agency of Southeastern Pennsylvania (HSA),[3] after a multilevel review process, forwarded to the Pennsylvania Department of Health and Human Services (Department) a negative recommendation for the Mallard application. The Department's report stated, in essence, that there was no need for additional nursing home beds in Chester County, and therefore would not recommend approval of the Mallard plan to the Secretary of HEW.

In May of 1979, Mallard requested that a hearing examiner review the Department's decision before it was transmitted to HEW for the Secertary's final consideration. After three days of testimony, briefs and exhibits from both parties, the examiner appointed by the Pennsylvania Department of Justice[4] affirmed the Department recommendation.

Although faced with Mallard's request for judicial review of the hearing examiner's decision, we are once again unable to hurdle the threshold problem of jurisdiction.

In *Sarah A. Todd Memorial Home v. Department of Health,* 49 Pa. Commonwealth Ct. 116, 410 A.2d

[2] 42 U.S.C. §1320a-1(b). We note that the facility may still be constructed absent the approval of the Secretary, but the project becomes less financially desirable.

[3] HSA is a local regulatory body governed by regulations and guidelines resulting from the implementation of the Section 1122 approval process.

[4] Although 42 U.S.C. §1320-1(b)(3), 42 C.F.R. §100.106(c), and 8 Pa. B. 2305 (August 19, 1978), control the appointment of a hearing officer by the Pennsylvania Department of Justice, the resulting decision is completely independent and not reviewable by the Department.

404 (1980), we addressed the identical issue and declined review of the hearing examiner's decision for lack of jurisdiction:

> In appeals of this nature, our jurisdiction is limited by 42 Pa. C. S. §763(a) to a review of final administrative agency determinations. This type of action does not constitute such an appeal. Viewed as an appeal from a hearing examiner, it is clear that the requirement of administrative agency action is lacking. . . . Viewed as an appeal from a proposed negative recommendation by the Department of Health, the necessary requisite of finality is absent. (Citations omitted.)

*Id.* at 119, 410 A.2d at 405.

However, Mallard argues that Section 1122 clearly contemplates judicial review in this Court of the hearing examiner's approval of the Department's proposed negative recommendation. We cannot agree. Only 42 C.F.R. §100.106(c)(4) (1978) touches upon pre-Secretary review in stating that "where judicial review of such decisions [referring to the Hearing Examiner's revisions and modifications] *is obtained,* the final decision of the reviewing court . . . shall . . . supersede the findings and recommendations of the designated planning agency.'' (Emphasis added.) Although the regulation provides this procedure in the event there *is* state judicial review, we can find no state statute *mandating* such an appeal process.

Mallard also argues that the Department's recommendation, when coupled with the hearing examiner's decision, constitutes a reviewable "adjudication'' within the meaning of Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101. Again, we must disagree. The combined actions of the Department and hearing officer are neither a final order nor an adjudication, but only a recommendation to be sent to HEW.

The final determination on Section 1122 qualification and capital expenditure benefit eligibility thus clearly rests with the Secretary and not with a Commonwealth agency.[5]

As was the case with *Sarah A. Todd Memorial Home, supra,* this Court is bound to execute its judicial functions, and not to legislate a solution. The General Assembly has recognized the absence of Pennsylvania judicial review, and resolved the problem for future applicants. The State Health Facility Hearing Board was created as an administrative agency to review Department recommendations on Section 1122 applications,[6] and specifically provides this Court with jurisdiction to hear those appeals arising in the due course of administrative process.

Accordingly, we

### ORDER

The Motion to Quash filed by the Department of Health is granted, and to the extent that the above petition for review invokes our appellate jurisdiction, said petition for review is denied.

---

[5] Mallard's petition for review states our review in terms of both appellate and original jurisdiction, 42 Pa. C. S. §§763(a) and 761. However, as to the original jurisdiction aspect of this case, respondent's preliminary objections are presently outstanding and awaiting argument.

[6] *See* Section 101 of the Health Care Facilities Act, Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. §448.101 et seq., and more specifically Section 507, 35 P.S. §448.507.