Citizens General Hospital of New Kensington, Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health and Arnold Mueller, J. D., Secretary of Health, Respondents.

Argued December 10, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judges MENCER and PALLADINO did not participate.

Rod J. Pera, McNees, Wallace & Nurick, with him George W. Lamproplos, Cassidy & Lamproplos, for petitioner.

Ruth M. Siegel, with her Carolyn B. McClain, for respondents.

OPINION BY JUDGE CRAIG, June 9, 1981:

Directed to our original jurisdiction, Citizens General Hospital of New Kensington (hospital) has filed a petition for review in the nature of an action for a peremptory mandamus. Named as respondents are the Pennsylvania Department of Health (department) and its Secretary. The hospital seeks an order directing the department to issue a recommendation of approval as to a proposed capital project, so that the hospital can obtain capital reimbursement pursuant to Section 1122 of the Federal Social Security Act.[1] The department is the designated planning agency administering the Section 1122 program in Pennsylvania, and the recommendation of the department is virtually a *sine qua non* of obtaining reimbursement. The respondents have filed preliminary objections requesting that the suit be dismissed.

The averments are that on August 1, 1978, the hospital filed its application for capital reimbursement with the Health Systems Agency of Southwestern Pennsylvania (HSA), agent for the department. The petition avers that the hospital subsequently augmented the application with additional information, as re-

[1] 42 U.S.C. §1320a-1.

quested. On March 29, 1979, the HSA recommended approval. The petition avers that the deadline for the department recommendation expired before April 13, 1979, but also notes an agreement to extend the deadline (allegedly ineffective) to April 27, 1979. The petition avers that, on the latter date, the hospital learned only by telephone that the department was not going to recommend approval of the project. According to the petition, the hospital did not receive written notification (allegedly required) of the department's negative recommendation until April 30, 1979.

Under Pennsylvania regulations at 28 Pa. Code §401.6(a)(6)(8), following federal regulations at C.F.R. §100.106(a)(4), the department, as the designated planning agency, is required to give written notice within 90 days of receiving a proposal, if the department determines that the proposed capital expenditure does not meet required standards for reimbursement. This regulation further provides that a failure of the designated planning agency to give such notification within the 90 days will have the effect of a recommendation of approval. Contending that the department's written notice of disapproval came after the required 90-day period, the hospital avers that it was entitled to a recommendation of approval from the department by force of law.

The department's preliminary objections, relying upon *Canonsburg General Hospital v. Department of Health,* 51 Pa. Commonwealth Ct. 156, 422 A.2d 141 (1980), assert that the hospital's petition should be dismissed for failure to pursue remedies available under state and federal law and regulations.

First, we consider the hospital's pursuance of state remedies. At the outset, this case is different from *Canonsburg* in the fact that here no question remained as to the *completeness* of the application, so that there was no need to pursue that matter, in accordance with

the Supreme Court's statements in *Canonsburg*, under the complaint mechanism of 1 Pa. Code §35.1 *et seq.* The department here has clearly treated the application as complete by proceeding to the point of its expression of disapproval. As to the alleged *untimeliness* of the department's action, the hospital here pursued its state administrative appeal procedure under 28 Pa. Code §301.1 *et seq.*, resulting in a hearing examiner's decision dated August 14, 1979, which held the department's action to be timely. That decision was interlocutory, because it thereupon ordered that the Secretary of the department proceed to schedule a further fair hearing on the *merits* of the disapproval. That was done, and the result was a further decision, dated July 1, 1980, affirming the decision of the Secretary of the department disapproving the application of the hospital. When the hospital appealed the latter decision to this court at No. 1786 C.D. 1980, the appeal was quashed under *Sarah A. Todd Memorial Home v. Department of Health*, 49 Pa. Commonwealth Ct. 116, 410 A.2d 404 (1980), in which we had held that, even viewing such an appeal as being from the decision of the Secretary, not just as an appeal from a hearing examiner, the necessary requisite of finality was absent because the department's action on the merits was only a recommendation, in that the *federal* Secretary[2] has the final decision-making power.

Thus Citizens General Hospital here has exhausted its state appeal process in every way possible at the state level, including an appeal and a determination, as an interlocutory part of that process, as to the untimeliness issue. Hence, the *Canonsburg* case is inapplicable because (1) no question of incompleteness remained here, and (2) all available state remedies

[2] The Secretary of the United States Department of Health and Human Services, formerly the United States Department of Health, Education and Welfare.

have been followed as to the untimeliness issue. The hospital now is not appealing the recommendation (having been barred by this court from doing so, following *Sarah A. Todd*), and it clearly has not aborted the state administrative review process as was the case in *Canonsburg*.

Secondly, therefore, we turn to the matter of whether the hospital here should also have pursued a federal remedy claimed to exist under 42 U.S.C. §1320a-1(f), which, pertaining to a determination by the *federal* Secretary, provides:

> (f) Any person dissatisfied with a determination by the Secretary under this section may within six months following notification of such determination request the Secretary to reconsider such determination. *A determination by the Secretary under this section shall not be subject to administrative or judicial review.* (Emphasis supplied.)

That federal procedure, the only one cited by the department, clearly relates only to the merits of the federal Secretary's decision and does not embrace the endpoint of state action, which here is claimed to be a deemed state approval by reason of untimeliness. In other words, the petitioner hospital has brought this action to require that the *state* agency express the favorable determination and certification required by 42 C.F.R. §100.106(a)(4)—not to seek the final federal grant at this point but simply to ensure that the record presented to the federal Secretary shall carry the favorable state agency recommendation claimed by reason of the alleged 90-day inaction.

Also, the federal law, quoted above, provides merely for *reconsideration* of a final determination made by the *federal* Secretary. Thus there is no administrative review of the federal Secretary's action, but only provision for him to reconsider his own decision. The

same Section 1320a-1(f) makes that point completely clear by stating that the federal Secretary's determination "shall not be subject to administrative or judicial review." *Lakeside Mercy Hospital v. Indiana State Board of Health*, 421 F. Supp. 193, 197 (N.D. Ind. 1976). *Wilmington United Neighborhoods v. HEW*, 615 F.2d 112, 118 (1980), pointed out that the section is an "unequivocal bar to judicial review." Hence the federal administrative course, like the state administrative review, *cannot* lead to the courts.

Thus the petitioner hospital has done everything which it can do by way of pursuing administrative remedies, and judicial appeals therefrom, to obtain an adjudication of its claim that it is entitled to a state approval by operation of law. Therefore, the department's preliminary objections will be overruled.

ORDER

Now, June 9, 1981, the preliminary objections of respondents are overruled.

Judge WILKINSON, JR. did not participate in the decision of this case.

———

DISSENTING OPINION BY JUDGE WILLIAMS, JR.:

In *Sarah A. Todd Memorial Home v. Department of Health*, 49 Pa. Commonwealth Ct. 116, 410 A.2d 404 (1980), this Court held that a proposed negative recommendation of the Department of Health lacked the finality required for our appellate review.

All of the legal efforts of the present plaintiff-petitioner have been to avoid a negative recommendation from the State Department of Health, and its Secretary, to the federal Secretary of Health and Human Services. That reality remains despite the device of casting the sought relief as a prayer for an "automatic approval." The very purpose of seeking an automatic approval is to avoid a negative recommendation. To that end, the plaintiff launched two distinct

legal campaigns: (1) the instant action for mandamus to compel the state agency to issue an automatic approval, that is, a favorable recommendation; and (2) an *appeal* from the hearing examiner's decision affirming the agency rejection of the plaintiff's application. It is to be noted that the original action now before us was filed even before the hearing examiner's decision was entered.

The resort to our appellate jurisdiction was quashed on the strength of the *Todd* case, that is, on the ground that the plaintiff was premature in seeking judicial review of a proposed negative recommendation. Yet by the majority's instant opinion, the plaintiff can achieve that very same purpose by resort to our original jurisdiction. The plaintiff can now obtain judicial review under our original jurisdiction of a proposed negative recommendation unreviewable under our appellate jurisdiction.

It was observed in *Todd* that this Court was powerless to interject itself in the administrative process then constituted. That same administrative process pertains to this case. Therefore, I cannot see how if our interjection by appellate review is barred, our interjection by judicial review under our original jurisdiction is valid.

I dissent.