Mallard Associates, a Pennsylvania Limited Partnership, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued June 1, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Jeffrey Cooper,* with him *Harold Cramer, Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for petitioner.

*Reed Hamilton,* Chief Counsel, with him *Carolyn B. McClain* and *Ruth M. Siegel,* Assistant Counsels, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 21, 1982:

Mallard Associates filed a petition for review invoking both our original[1] and appellate[2] jurisdiction to review a negative recommendation by the Pennsylvania Department of Health (Department), as affirmed by a fair hearing examiner.[3] Before the Court are the Department's preliminary objections to that portion of the petition for review addressed to our original jurisdiction, challenging our jurisdiction over the hearing examiner, questioning Mallard's failure to

---

[1] 42 Pa. C. S. §761(a).

[2] 42 Pa. C. S. §763(a).

[3] *See* 42 U.S.C. §1320a-1 and 42 C.F.R. §100.106(c).

exhaust administrative remedies, and registering a demurrer for failure to state a cause of action.

The Department recommended to the United States Department of Health, Education and Welfare (HEW), now the Department of Health and Human Services (HHS), that HEW deny medicaid and medicare reimbursements for certain capital expenditures in the construction of a proposed nursing home under Section 1122 of the Social Security Act.[4]

Mallard Associates here seeks to have us change the affirmation of the fair hearing examiner and enjoin the Department and its secretary from forwarding a negative recommendation to HEW.

In *Mallard Associates v. Department of Health*, 54 Pa. Commonwealth Ct. 646, 422 A.2d 1178 (1980) *(Mallard I)*, considering only the appellate petition, we granted the Department's motion to quash.[5] Our holdings in *Sarah Todd* and *Mallard I* preclude Mallard's original action in mandamus against the fair hearing examiner. A creature of federal statute and regulation,[6] a hearing examiner is neither an officer nor agency of the Commonwealth subject to our jurisdiction.[7] We find no merit in Mallard's petition to re-

---

[4] 42 U.S.C. §1320a-1. For a detailed discussion of the relationship among the state, the health care provider and the federal government, *see N.A.A.C.P. v. Medical Center Inc.*, 584 F.2d 619, 627 (1978).

[5] In *Mallard I*, we relied upon the reasoning of our earlier Opinion in *Sarah A. Todd Memorial Home v. Department of Health*, 49 Pa. Commonwealth Ct. 116, 410 A.2d 404 (1980).

[6] *See* 42 U.S.C. §1320a-1(b)(3) and 42 C.F.R. §100.106(c).

[7] Section 761(a) of the Judicial Code, 42 Pa. C. S. §761(a), provides in part:

The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity. . . .

verse the negative recommendation of the Secretary and Department.

The Department's decision is purely discretionary[8] and "[m]andamus does not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is arbitrary, fraudulent or based upon a mistaken view of law." *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 295, 297 A.2d 823, 825 (1972). Mallard's contention that the decision of the Department is "illegal," "arbitrary," and a violation of due process is without foundation in the record.[9]

Mallard Associates has failed to establish a clear legal right to the relief requested and has failed to plead facts sufficient to show that Respondent's discretionary acts were arbitrary, fraudulent or illegal. The Department's preliminary objections are sustained.

## ORDER

The preliminary objections of the Department of Health and Secretary H. Arnold Muller are sustained and the petition and amended petition for review of Mallard Associates are dismissed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

---

[8] "Mandamus will lie only to compel public officials to perform their duties in accordance with the law where these duties are ministerial in character and not discretionary." *Rakus v. Robinson*, 33 Pa. Commonwealth Ct. 496, 500, 382 A.2d 770, 772 (1978).

[9] In an earlier opinion of this court, quoting from the Pennsylvania Supreme Court, we noted that:

'[m]andamus will not lie to compel a revision or modification of a decision by an administrative body or person invested with discretionary power, though in fact the decision may have been *wrong*.' (Emphasis added.)

*South Whitehall Township v. Department of Transportation*, 11 Pa. Commonwealth Ct. 558, 562, 316 A. 104, 105 (1974), *quoting Raffel v. Pittsburgh*, 340 Pa. 243, 16 A.2d 392 (1940).