Donald Sylvester Jones, in his behalf, Petitioner *v.* Curtis Carson, Records Officer, et al., Respondents.

Submitted on briefs September 5, 1984 to Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Donald Sylvester Jones,* petitioner, for himself.

*Francis R. Filipi,* Deputy Attorney General, with him, *Allen C. Warshaw,* Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE BARBIERI, March 5, 1985:

Donald Sylvester Jones, Petitioner, pro se, a prisoner serving a sentence in the State Correctional Institute at Huntingdon, is before us on his complaint in mandamus against which preliminary objections have been filed by Respondents, who are designated in Petitioner's complaint as follows: "CURTIS CARSON, Records Officer, RECORDS OFFICER HEIDEL, J. A. DICK, Administrative Assistant, S. L. GROVE, Activities Director, THOMAS A. FULCOMER, Superintendent, FRANK D. GILLIS, Executive Assistant, GLEN R. JEFFES, Commissioner of Corrections, all, in both their individual and official capacities as Employees at SCI-Huntingdon, Drawer R, Huntingdon, Pennsylvania, 16652, and, Pennsylvania Bureau of Corrections, Box 598, Camp Hill, Pennsylvania, 17011."

In an order dated January 9, 1984, it was directed that this case be treated as a Petition for Review in the nature of a Petition for a Writ of Mandamus, ad-

dressed to this Court's original jurisdiction; and by order of January 13, 1984, Petitioner was granted leave to proceed in forma pauperis.

Respondents' preliminary objections, filed February 8, 1984, first challenge our jurisdiction on the ground that the only officer of the Commonwealth named as a respondent is the Commissioner of Bureau of Corrections, Glen R. Jeffes, and that his presence as a respondent cannot confer jurisdiction on this Court because the complaint fails to aver that he has done anything of which Petitioner complains; that a Writ of Mandamus does not lie except to enforce a clear legal right enjoyed by Plaintiff and where there is a corresponding duty owed by any of the Respondents to perform some ministerial act or mandatory duty; and that there is an adequate remedy available to Petitioner within the corrections system. Respondents' objections include a motion to strike certain statements in Petitioner's complaint alleged to be scandalous and impertinent.

Petitioner's request for relief is relatively simple. He requests that copies of prison misconduct reports be made available to him in preparation for an anticipated parole hearing. Petitioner enumerates the conduct reports concerning his misconduct as those on April 20, 1977, August 10, 1977, November 30, 1979, May 1, 1980, October 21, 1980, and December 1, 1980; and he avers these reports were missing from his personal effects after he moved on November 10, 1981, from another prison into his present institution in Huntingdon; that Commissioner Jeffes promulgated a new regulation involving misconduct actions and procedures, effective August 11, 1983, which he avers contains the following:

E(1) Any inmate who is approaching the expiration of his minimum sentence who has

on his record a misconduct which could effect (sic) his chances for parole and predates the implementation of BC-ADM 804 (January 10, 1983) may appeal that misconduct through BC-ADM 804.

E(2) It is the inmate's responsibility to identify those misconducts which he wishes to appeal, as well as the reasons for appeal.

Petitioner avers that he is approaching the end of his minimum sentence of ten years which tentatively would have expired on December 26, 1984; that to his requests for misconduct report copies directed to Curtis Carson, Records Officer, in October of 1983, Carson responded that "he had not either the time or staff to comply with Petitioner's request . . . ;" that Frank D. Gillis, designated as Executive Assistant, wrote to Petitioner on November 16, 1983 advising that "he would not compel his subordinate employee to honor Petitioner's request for said documentation, stating, inter alia, that it is not the Bureau's responsibility, when, after receiving said misconducts and portions thereof, Petitioner had copies of these documents." Petitioner avers that he had stated in writing to Commissioner Jeffes "that his copies had been stolen."

Petitioner's legal contentions are that he is entitled to copies of the misconduct reports by virtue of obligations upon the corrections authorities imposed under the Criminal History Record Information Act (Act), Act of July 16, 1979, P.L. 116, §2, 18 P.S. 9101, et seq.; and that, in any event, refusal of his request for his misconduct reports, "denying to Petitioner the opportunity to adequately challenge his misconduct convictions . . . ," is a denial of his Constitutional rights to due process and equal protection of the laws.

Since we see merit in the challenge to our subject matter jurisdiction, we need only address that issue. In this connection, we note that under 42 Pa. C. S. §761(a), the original jurisdiction of this Court in civil matters extends to a Commonwealth officer, acting in his official capacity; that this jurisdictional requirement applies to mandamus actions, *Mallard Associates v. Pennsylvania Department of Health,* 64 Pa. Commonwealth Ct. 208, 439 A.2d 866 (1982), that the Commissioner of Corrections is an "officer," *Staley v. Commonwealth,* 33 Pa. Commonwealth Ct. 22, 380 A.2d 515 (1977); and that, therefore, this Court's original jurisdiction is possible as to Respondent, Glen R. Jeffes. *Madden v. Jeffes,* 85 Pa. Commonwealth Ct. 414, 482 A.2d 1162 (1984). We must agree with Respondents, however, that there is no averment by Petitioner in the complaint of any action of Commissioner Jeffes which would be the subject of a mandamus order by us. Rather, the remedy which Petitioner seeks to achieve by mandamus, under the complainant's averments, lies solely with the Records Officer, Curtis Carson, who must be designated an employee rather than an officer, not being charged with state-wide policy making responsibility, *Mickens v. Jeffes,* 71 Pa. Commonwealth Ct. 68, 453 A.2d 1092 (1983). Accordingly, since there is a lack of jurisdiction of this Court as to Carson and as to all other respondents other than Jeffes, *Id.,* we must transfer this case to the Court of Common Pleas of Huntingdon County where jurisdiction lies.

ORDER

Now, March 5, 1985, the preliminary objection as to Respondent, Glen R. Jeffes, Commissioner of Corrections, is sustained and he is hereby dismissed as a respondent herein and the within action in man-

damus as to the remaining respondents is hereby transferred to the Court of Common Pleas of Huntingdon County, pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a), for further proceedings.

Judge WILLIAMS, JR., did not participate in the decision in this case.