LGP Construction Co., Inc., a Pennsylvania Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued October 10, 1985, before Judges MacPhail and Doyle and Senior Judge Barbieri, sitting as a panel of three.

*Francis C. Rapp, Jr.,* with him, *Harold Gondelman, Gondelman, Baxter, McVerry, Smith, Yatch & Trimm,* for petitioner.

*Jerome T. Foerster,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, December 13, 1985:

Appellant, LGP Construction Co., Inc., appeals here a determination by the Pennsylvania Department of Transportation (PennDOT) which denied its application for certification as a Minority Business Enterprise (MBE). PennDOT has moved to quash the appeal.

The following facts are pertinent. Appellant is a Pennsylvania business corporation which applied to PennDOT for MBE status. Federal law requires that, on all federally-funded highway projects, a certain percentage of the work be awarded to a MBE. After meeting with Appellant's representatives, PennDOT, by letter dated February 21, 1985, notified Appellant that its application for MBE certification was denied. PennDOT also informed Appellant that if it was dissatisfied with PennDOT's determination that it had a right to appeal to the Civil Rights office of the United States Department of Transportation (U.S.DOT) pursuant to 49 C.F.R. §23.55. Appellant chose not to file an appeal with U.S.DOT but rather filed an action with this Court seeking an evidentiary hearing on its MBE certification application and attempts to invoke our original jurisdiction under 42 Pa. C. S. §761 as well as an appeal under 42 Pa. C. S. §763 from PennDOT's denial of MBE certification.

In its motion to quash, PennDOT argues that its denial of Appellant's application for MBE certifica-

tion is not an appealable final order in that Appellant had an available administrative appeal with U.S.DOT under 49 C.F.R. §23.55. Therefore, since its determination as to Appellant's MBE status was subject to review by federal authorities, PennDOT contends that it is not an appealable final order and this Court has no jurisdiction to determine the merits of Appellant's contentions. We agree.

Section 702 of the Administrative Agency Law, 2 Pa. C .S. §702, provides that any person aggrieved by an "adjudication" of a Commonwealth agency shall have the right to appeal therefrom. Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, defines "adjudication" as "[a]ny final order, decree, decision, determination or ruling. . . ." As conceded by Appellant, PennDOT's denial of its application for MBE certification was not conclusive on that application as it had an appeal as of right to U.S.DOT under 49 C.F.R. §23.55. Administrative actions are "adjudicatory" in character when they culminate in a final determination affecting personal or property rights. *Allegheny Ludlum Steel Corp. v. Pennsylvania Public Utility Commission,* 501 Pa. 71, 459 A.2d 1218 (1983). Since PennDOT's action did not "finally" dispose of Appellant's application for MBE certification, there was no "adjudication" from which an appeal could be taken under 2 Pa. C. S. §702 or Article 5, §9, of the Pennsylvania Constitution.

We further note that in a case such as this, there will never be an adjudication appealable to this Court. In the event Appellant exercises its right of appeal to U.S.DOT under 49 C.F.R. §23.55, the final decision of U.S.DOT will be a final order of a *federal* agency, not a Commonwealth agency. Since our jurisdiction limits our review to adjudications of Commonwealth agencies, should Appellant be dissatisfied with the re-

sult with U.S.DOT, it must turn to the federal courts for review.

Therefore, since PennDOT's denial of Appellant's application for MBE certification does not constitute an appealable adjudication, we are without jurisdiction to entertain this action. Accordingly, we shall grant PennDOT's motion to quash Appellant's appeal and we need not address the merits of Appellant's claims.

### ORDER

Now, December 13, 1985, the motion of the Pennsylvania Department of Transportation to quash the appeal of LGP Construction Co., Inc. is hereby granted and said appeal is quashed.