CENTRAL OHIO WATERPROOFING COMPANY, APPELLANT, *v.* SMITH, DIR., APPELLEE.

(No. CA86-07-010—Decided April 27, 1987.)

*Rice & Ladrigan* and *Paul D. Rice,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Thomas L. Long,* for appellee Warren J. Smith, Director, Ohio Department of Transportation.

*Per Curiam.* This cause came on to be heard upon the appeal from the court of Common Pleas of Clinton County.

This is an appeal by Central Ohio Waterproofing Co. (hereinafter "appellant"), from a decision of the Court of Common Pleas of Clinton County which dismissed for lack of subject matter jurisdiction appellant's appeal from a decision by appellee Warren J. Smith, Director of the Ohio Department of Transportation, to decertify appellant as a women-owned minority business.

In August 1980, appellant was certified by the Ohio Department of Transportation (hereinafter "ODOT") as a business owned and controlled by women. As a result, appellant became eligible to receive ODOT contracts specifically set aside for minority businesses as provided in Section 105(f) of the Surface Transportation Assistance Act of 1982 (P.L. 97-424, 96 Stat. 2097, 2100). This certification was valid for a year and had to be renewed annually. Subsequent to its initial certification, appellant remained certified as a minority-owned and -controlled business until November 20, 1985, when appellee upheld a recommendation of a hearing officer finding appellant should not be recertified.[1]

---

[1] Because a motion to dismiss was granted before a record of the administrative proceedings was filed, we are unable to discern the hearing officer's reasoning

In response to appellee's decision to deny appellant's recertification, and although appellant was entitled to appeal appellee's decision to the United States Department of Transportation (hereinafter "USDOT"), appellant filed an appeal in the Court of Common Pleas of Clinton County. Appellant claims the appeal was filed pursuant to R.C. 119.12. Appellee responded to appellant's notice of appeal by filing a motion to dismiss for lack of subject matter jurisdiction pointing out that further avenues of administrative review were open to appellant but were not utilized.

On July 9, 1986, the common pleas court dismissed appellant's appeal due to a lack of subject matter jurisdiction. In doing so, it found appellant should have appealed appellee's decision to USDOT pursuant to Section 23.55, Title 49, C.F.R. This appeal followed.

For its sole assignment of error appellant contends:

' "The [common pleas] court erred in ruling that appellant's appeal must be taken directly to the United States Department of Transportation and not the Ohio courts under the provisions of the Ohio Administrative Code."

Appellant argues that Part 23, Title 49, C.F.R. delegates to the states the authority to make certification and recertification decisions. Consequently, it argues, the process by which such state decisions are reviewed should follow state law. In furtherance of its position appellant argues that Ohio Adm. Code 5501:5-1-04 contains a regulation specifically addressing appeals. Unfortunately, Ohio Adm. Code 5501:5-1-04 does not address where an appeal of the Director of Transportation's denial of certification or recertification lies. Due to this lack of pro-

cedural guidance, appellant argues we should allow the instant recertification appeal to proceed through the Ohio court system using R.C. Chapter 119.

In opposition to appellant's claims, appellee directs our attention to Section 23.55, Title 49, C.F.R., which provides an appeal to USDOT in the event a minority business firm believes it has wrongfully been denied minority business certification under Sections 23.51 and 23.53, Title 49, C.F.R.

For the reasons which follow we find the Court of Common Pleas of Clinton County properly dismissed the instant appeal because it had no jurisdiction.

The setting aside of certain federal highway funds (much of which is funneled through the states) for minority business enterprises stems from Section 105(f), P.L. 97-424, 96 Stat. 2097, 2100.

This statute provides:

"Except to the extent that the Secretary [of Transportation] determines otherwise, not less than 10 per centum of the amounts authorized to be appropriated under this Act shall be expended with small business concerns owned and controlled by socially and economically disadvantaged individuals as defined by Section 8(d) of the Small Business Act (15 U.S.C. section 637(d)) and relevant subcontracting regulations promulgated pursuant thereto."

In order to implement Congress' intent as expressed in Section 105(f), the Secretary of Transportation promulgated a set of regulations found in Section 23.1 *et seq.*, Title 49, C.F.R. Among these regulations one finds the eligibility standards used to determine a firm's qualification for minority contractor status (Section 23.53, Title 49,

---

for his decision. However, there is some suggestion in the attachments to appellee's brief that the company was actually man-

aged and controlled by its female owner's husband, who was not a minority businessman in any sense.

C.F.R.) as well as a section on how to appeal a denial of certification (Section 23.55, Title 49, C.F.R.). The latter section expressly provides that a firm believing it has wrongfully been denied minority business status may appeal such denial to USDOT within one hundred eighty days after the denial of certification.[2]

Faced with Congress' enactment of Section 105(f), the Ohio General Assembly enacted R.C. 5525.011,[3] thereby instructing appellee to award state highway contracts in conformity with the new federal law. In furtherance of R.C. 5525.011 and Section 23.51(c)(1), Title 49, C.F.R., which allows a federal highway fund recipient to set up its own certification process subject to USDOT's approval, appellee promulgated Ohio Adm. Code 5501:5-1-01 *et seq.* to establish a state certification process. USDOT approved appellee's proposed regulations and a state certification process was set in motion. It is this state process which apparently initially approved appellant's certification and subsequently took it away.

Within the regulation promulgated by appellee was Ohio Adm. Code 5501:

5-1-04, which provides for a review of a denial of certification. That review consists of an appeal to the Ohio Director of Transportation. The director then appoints a hearing officer who hears the appeal and submits a recommendation to the director. After the hearing officer's recommendation and any objections thereto are filed, the director makes a decision to uphold or reverse the prior certification decision. The review regulations provide for no appeal beyond the director. Since no review of the director's decision is provided for in Ohio Adm. Code 5501: 5-1-04, appellant argues we should treat the director's decision as an adjudication by a state agency and allow an appeal to the common pleas court using R.C. Chapter 119. We disagree.

R.C. 5525.05[4] empowers the Director of Transportation to promulgate such rules and regulations as he deems proper to carry into effect R.C. 5525. 02 through R.C. 5525.09. This rule-and regulation-making authority is expressly made subject to R.C. 119.01 through R.C. 119.13. Consequently, the administrative appeals statute, R.C. 119.12, applies. However, conspicuously absent from R.C. 5525.05 is

---

[2] Appellee claims appellant has already attempted to obtain a reversal of appellee's decision by USDOT pursuant to Section 23.55, Title 49, C.F.R., but was unsuccessful. We cannot tell whether this is true from the record before us.

[3] R.C. 5525.011 provides:

"The director of transportation shall award contracts pursuant to this chapter in conformity to the requirements of subsection (F) of Section 105 of the federal 'Surface Transportation Assistance Act of 1982,' 96 Stat. 2099, 23 U.S.C. 105."

[4] R.C. 5525.05 provides:

"For the purpose of carrying into effect sections 5525.02 to 5525.09 of the Revised Code, and insuring to the state and public

the award of all contracts to competent and responsible bidders, subject to and in accordance with sections 119.01 to 119.13 of the Revised Code, the director of transportation may prepare and promulgate such rules and regulations as he deems proper. Such rules and regulations may cover the requirements of the department of transportation with respect to equipment, past record and experience of applicant, personnel of organization, and such other matters as the director deems necessary to enable him to pass upon the qualifications of applicants. The director may make public lists of qualified bidders, but such lists shall be general in character and not indicate the size of contract or character of work with respect to which such bidders have been qualified."

the inclusion of R.C. 5525.011 within its parameters.[5]

The General Assembly's failure to include R.C. 5525.011 within R.C. 5525.05 convinces us appellant's argument is without merit. We are further convinced appellant's argument is without merit because the underlying substantive law being applied is federal and the applicable federal regulations, from which Ohio's regulations emanate, provide for an administrative review of last resort by USDOT. Section 23.55(a), Title 49, C.F.R. Appellant has not truly exhausted all available administrative channels of review until its appeal has been presented to USDOT.

After that review, appellant's appeal must proceed through the federal court system, *LPG Constr. Co.* v. *Commonwealth Dept. of Transp.* (Pa. Commw. 1985), 501 A. 2d 360, because it would not be an "adjudication" by an "agency" coming within R.C. Chapter 119.

We hold appellant had no R.C. Chapter 119 appeal to the Court of Common Pleas of Clinton County from the Director of Transportation's decision not to recertify it as a minority-owned and -controlled business because of a lack of subject matter jurisdiction. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment below.

*Judgment affirmed.*

---

[5] In light of the failure of R.C. 5525.05 to grant the Director of Transportation rule- and regulation-making authority with respect to certified minority business firms, a question could be raised as to whether the General Assembly has empowered the Director of Transportation to promulgate any rules and regulations whatsoever with respect to R.C. 5525.011. However, such an issue has not yet been presented to us by appellant herein and we choose not to address it *sua sponte.*

KOEHLER, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.