628 A.2d 498

**MILLER & SON PAVING, INC., Petitioner,**

**v.**

**The PENNSYLVANIA HISTORICAL AND MUSEUM COMMISSION, Respondent. (Two Cases)**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1992.

Decided June 30, 1993.

524

Stephen B. Harris, for petitioner.

Robert A. Berry, Chief Counsel, for respondent.

Terry W. Clemons, for intervenor Plumstead Tp.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

FRIEDMAN, Judge.

Miller & Son Paving, Inc. (Miller) petitions for review of an action of the Pennsylvania Historical and Museum Commission (Commission). As part of the process for inclusion of an historic district in the National Register of Historic Places the Commission approved and certified the nomination of the Gardenville–North Branch Rural Historical District (District), in which Miller owns property, to the National Park Service.[1] The National Park Service makes the final determination on the nomination to list the District on the National Register. Because the Commission does not issue final orders, we lack jurisdiction and quash the Petitions for Review.

The procedural history of this dispute began with a proposal to establish the Gardenville–North Branch Rural Historical

1. Miller filed two Petitions for Review, which we consolidated. Miller first petitioned for review of the approval of the nomination dated June 11, 1991 and the certification dated June 21, 1991. The National Park Service returned the initial submission to the Commission in order to address several procedural and substantive issues raised by the park service in response to Miller's objections. The executive director again certified the nomination on October 25, 1991 and Miller filed a second Petition for Review. The Commission moved to quash the first Petition but the record reveals no such motion on the second Petition which covers essentially the same matter. Because the matters are essentially the same, because they were consolidated and because we determine that we lack jurisdiction, an issue which we can raise *sua sponte*, the lack of a second motion to quash does not affect our decision. (R.R. at 270a–71a.)

District, initially evaluated by the Commission in April 1990. On January 15, 1991, a completed National Register nomination form for the proposed district was submitted to the Commission and scheduled for review.[2] Fifty owners of property in the proposed district, including Miller, received a letter and enclosure inviting the property owners to attend the Commission's March 1991 meeting and apprising them of their rights to concur with or object to the listing in the National Register.[3].

Prior to the meeting, Miller filed a notarized objection and requested a continuance so that it could have time to prepare a response to the nomination. The Commission held the meeting on March 12, 1991 as scheduled and Commission staff made an oral presentation, submitting its recommendation in favor of the nomination. However, in response to Miller's concerns, the Commission tabled the nomination until its June meeting in order to permit Miller time to submit a report in opposition to the nomination. (R.R. at 144a.) By letter dated March 15, 1991, the Commission requested that Miller submit written materials by May 1, 1991 so that these materials could be submitted to Commission members before the meeting. (R.R. at 146a.) Miller's report, prepared by architect and planner Robert M. Skaler, was dated May 1, 1991 but stamped received by the Commission's Bureau for Historic Preservation on May 20, 1991. (R.R. at 155a.) Following the June 11, 1991 meeting, the Commission voted to approve the nomination and the Commission's executive director certified the nomination to the National Park Service on June 21, 1991. In response to the approval and certification, Miller filed a Peti-

2. The nomination was prepared by Kathryn Ann Auerbach, an historical, architectural and preservation consultant. (R.R. at 31a, 72a.) Miller contends that Ms. Auerbach represented the Plumstead Township Civic Association.

3. The advisement of rights indicated that any objection or comments were to be in writing, stating: (a) "If you chose to object to the listing of your property, the notarized objection must be submitted ... by March 12, 1991." (b) "If you wish to comment on the nomination of the property to the National Register, please send your comments to the State Historic Preservation Office before ... March 12, 1991." (R.R. at 87a.)

tion for Review with this court; the Commission filed a Motion to Quash and Plumstead Township sought to intervene.

After review, the National Park Service remanded the nomination to the Commission asking it to address various items, including the significance and integrity of the historic landscape, justification for the boundaries of the district and the notification and review process. (R.R. at 271a.) The Commission submitted a revised nomination, certified by the executive director, on October 25, 1991. In response to the recertification, Miller filed a second Petition for Review. On December 20, 1991, we consolidated the Petitions for Review and granted Plumstead Township's petition to intervene.

■ Our jurisdiction to consider Miller's Petition for Review rests on whether the Commission's certification of the nomination is a final adjudication. Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, provides that any person aggrieved by "an adjudication" of a Commonwealth agency, which is "[a]ny final order, decree, decision, determination or ruling," has the right to appeal. Pursuant to section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a), Commonwealth Court has exclusive jurisdiction of appeals from final orders of Commonwealth agencies having statewide jurisdiction.[4] The Commission is such an agency. Miller bases its appeal to this court on section 763 of the Judicial Code, 42 Pa.C.S. § 763(a). Yet, as we noted in *Sarah A. Todd Memorial Home v. Commonwealth, Department of Health,* 49 Pa.Commonwealth Ct. 116, 410 A.2d 404 (1980),

> our jurisdiction is limited by 42 Pa.C.S. § 763(a) to a review of *final* administrative agency determinations. This type of action [appeal of a state action where the final determination is made by a federal agency] does not constitute such

---

**4.** We recognize that the legislature could provide for judicial review in other situations. *See* discussion of legislative action affecting subsequent determinations in *Sarah A. Todd Memorial Home v. Commonwealth, Department of Health,* 49 Pa.Commonwealth Ct. 116, 410 A.2d 404 (1980) and in *Mallard Associates v. Department of Health,* 54 Pa.Commonwealth Ct. 646, 422 A.2d 1178 (1980).

an appeal.... [T]he necessary requisite of finality is absent.

*Id.* at 119, 410 A.2d at 405. (Emphasis added.)

In support of its motion to quash, the Commission first argues that we lack jurisdiction because (1) this matter is governed by federal statutes and implementing regulations and final action is taken not by the Commission but by a federal agency, and (2) Miller has failed to exhaust its administrative remedies under federal regulations. Next, the Commission argues that due process safeguards were adequate and that the nomination and certification does not constitute a taking.

Miller concedes that only federal agencies and federal courts have jurisdiction over the substantive question of whether its property was properly placed in the National Register by the National Park Service. However, Miller contends that it is challenging the constitutionality of the Commission's procedures which resulted in certification of the nomination to the National Park Service.

■ In regard to these constitutional issues, Miller argues that we have jurisdiction to determine whether the Commission denied Miller due process and fundamental fairness by failing to include Miller in the review process, by not permitting Miller to make oral presentations at the March or June meetings and by acting as an advocate for the district rather than as an impartial reviewing body. Finally, Miller asserts that the Commission's approval of the nomination in this situation where Miller objected to inclusion of its property within the district constitutes a taking of Miller's property in violation of Article I, section 10 of the Pennsylvania Constitution. We must disagree.

Several previous decisions of this court involving state agency review prior to final federal action provide guidance. For instance, in *LPG Construction Co., Inc. v. Commonwealth, Department of Transportation*, 93 Pa. Commonwealth Ct. 474, 501 A.2d 360 (1985), a construction company (LPG) appealed the Pennsylvania Department of Transportation (PennDOT)

denial of LPG's application for certification as a Minority Business Enterprise (MBE). Certification as an MBE was important to LPG because MBEs receive a certain percentage of the work on federally-funded highway projects. When PennDOT notified LPG of certification denial, it also informed LPG of its right to appeal to the Civil Rights Office of the United States Department of Transportation (U.S.DOT). Instead, LPG sought to invoke our original jurisdiction. We granted PennDOT's motion to quash, noting that PennDOT's action did not finally dispose of the application and that there would never be an adjudication appealable to our court:

> [i]n the event Appellant exercises its right of appeal to U.S.DOT under 49 C.F.R. § 23.55, the final decision of U.S.DOT will be a final order of a *federal* agency, not a Commonwealth agency. Since our jurisdiction limits our review to adjudications of Commonwealth agencies, should Appellant be dissatisfied with the result with U.S.DOT, it must turn to the federal courts for review.

*Id.* at 476–77, 501 A.2d at 362.

Similarly, in *Sara A. Todd Memorial Home v. Commonwealth, Department of Health,* 49 Pa.Commonwealth Ct. 116, 410 A.2d 404 (1980), and in *Mallard Associates v. Department of Health,* 54 Pa.Commonwealth Ct. 646, 422 A.2d 1178 (1980), we granted motions to quash appeals from Pennsylvania Department of Health (DOH) determinations that the nursing home construction proposed in those cases did not meet the criteria established by the Social Security Act and related regulations.[5] Following determination, the DOH transmitted its recommendation to the federal Department of Health, Education and Welfare (HEW). If, after review, HEW agreed with the negative recommendation, it would restrict federal reimbursement of expenses associated with the construction. In *Mallard* we stated that the Department's determination was not appealable because the actions:

> are neither a final order nor an adjudication, but only a recommendation to be sent to HEW. The final determina-

5. 42 U.S.C. § 1320a–1 and 42 C.F.R. § 100.101 et seq. (1978).

tion on Section 1122 qualification and capital expenditure benefit eligibility thus clearly rests with the Secretary [of HEW] and not with a Commonwealth agency.

*Id.* at 649–650, 422 A.2d at 1179.[6]

Here, Miller had an available remedy under federal regulations and the actions of the Commission in approving and certifying the nomination to the National Park Service do not constitute a final appealable order subject to our jurisdiction, but are merely recommendations which require subsequent final action by a federal agency.[7]

Our conclusion is bolstered by *O'Connor v. Pennsylvania Public Utility Commission,* 136 Pa.Commonwealth Ct. 119, 582 A.2d 427 (1990) which discusses the relationship between the Commission and *other Pennsylvania* agencies. In *O'Connor,* we determined that

> the role of the Historical Commission is advisory and . . . it lacks the authority to make determinations binding on other agencies. . . . The Code does not empower or require the Historical Commission to grant permits for construction affecting historical resources, and it does not establish procedures by which the Historical Commission can adjudicate disputes. . . . [T]he Historical Commission's opinions in this matter should be considered, but . . . those opinions [are] not binding.

*O'Connor,* 136 Pa.Commonwealth Ct. at 128–29, 582 A.2d at 432.

Given the determination of *O'Connor* that the Commission's role in relation to other state agencies is merely advisory and the guidance provided by *LPG Construction Co., Sarah A. Todd Memorial Home,* and *Mallard,* that the state approval and certification which is part of a process leading to a decision by a federal agency is not a final, appealable action,

6. We noted, however, that the legislature was establishing a new review procedure which would be appealable to this court.

7. The lack of any final order which could be appended to Miller's brief illustrates this point.

we conclude that we lack jurisdiction over Miller's Petitions for Review.

██ In addition, even if we did not quash Miller's Petitions for Review, Miller's constitutional arguments would fail. Our supreme court has stated that "procedural safeguards should accompany a situation where the administrative action is adjudicatory in nature and involves substantial property rights," *Conestoga National Bank of Lancaster v. Patterson*, 442 Pa. 289, 296, 275 A.2d 6, 9 (1971), and that "[a]ctions are adjudicatory in character when they culminate in a final determination affecting personal or property rights." *Allegheny Ludlum Steel v. Pennsylvania Public Utility Commission*, 501 Pa. 71, 77, 459 A.2d 1218, 1221 (1983).[8] Here, Miller does have a property interest in the land, but actions of the Commission did not culminate in a final determination affecting those rights. As our supreme court said in *Conestoga*, "[p]rocedural due process does not require notice and a hearing in every conceivable situation involving administrative action." *Id.* at 296, 275 A.2d at 9.[9] The due process issues which Miller raises are not ripe for adjudication because the decision to nominate lacks finality and does not substantially affect Miller's property interest. Furthermore, the Commission delayed its determination in order to consider Miller's written objections and, at the federal level, the National Park Service remanded the nomination for further consideration because of Miller's objections. Certainly, no more is required. If Miller is dissatisfied with the review accorded decisions of

8. *Conestoga* and *Allegheny Ludlum* involved the question of whether state agency actions comported with constitutional due process requirements.

9. Our supreme court's statement is consistent with the U.S. Supreme Court's position:

consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.

*Id.* at 294, 275 A.2d at 9, quoting *Cafeteria and Restaurant Worker's Union, Local 473, AFL–CIO v. McElroy*, 367 U.S. 886, 895–96, 81 S.Ct. 1743, 1748–49, 6 L.Ed.2d 1230 (1961).

the Commission, its proper recourse in this situation is to the legislature. *See Mallard.*

Miller's "taking" argument would likewise fail. In *First Presbyterian Church of York v. York City Council,* 25 Pa.Commonwealth Ct. 154, 360 A.2d 257 (1976), we considered whether historic district regulations which led to refusal to certify a building for demolition constituted a taking. We determined that "the test to be applied is that of whether the refusal of the permit to demolish went so far as to preclude the use of York House for any purpose for which it was reasonably adapted." *Id.* at 161, 360 A.2d at 261. If viable economic use of the property remains, there is no taking; and even if there might eventually be a takings claim, "if there exists by statute or regulation an administrative procedure by which the landowner could obtain viable economic use of his property, a takings challenge is not ripe until the administrative remedy has been exhausted." *Gardner v. Commonwealth, Department of Environmental Resources,* 145 Pa.Commonwealth Ct. 345, 351, 603 A.2d 279, 282 (1992). Without a final decision, a takings claim is not ripe. *Id.* Not only was the action of the Commission here not final, but there is also no indication that the Commission's action precluded viable economic use of Miller's property.

Because the action of the Commission was not final and because Miller did not exhaust the federal administrative remedies which were available to it, we lack jurisdiction. Accordingly, we quash the Petitions for Review.

## ORDER

AND NOW, this 30th day of June, 1993, the Petitions For Review are quashed.

PALLADINO, J., dissents.