Dale S. Madden et al., Petitioners *v.* Glen R. Jeffes, Commissioner for Bureau of Corrections et al., Respondents.

Submitted on briefs July 3, 1984, to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Dale S. Madden* and *Wilmer B. Gay,* petitioners, for themselves.

*Sheila M. Ford,* Deputy Attorney General, for respondents.

OPINION BY JUDGE CRAIG, October 5, 1984:

Plaintiffs Dale Madden and Wilmer Gay are serving life sentences at the State Correctional Institute at Pittsburgh (SCIP), and are on the Board of Directors of Pennsylvania Association of Lifers (PAL), a nonprofit organization incorporated under the laws of Pennsylvania for the purposes of advancing rehabilitation and other constructive programs in the state correction system.

Following a theft of PAL assets, the defendant prison officials suspended all PAL activities and confiscated all PAL assets. Although the record does not clearly establish exactly what "suspension" of PAL activities entailed, we gather that the prison officials prohibited inmates from conducting any corporate

business, but did not actually order the dissolution of the corporation.

Plaintiffs have filed this complaint in mandamus, addressed to this court's original jurisdiction, seeking an order to compel defendants to (1) lift the suspension of PAL activities, (2) refund an estimated $700 per month in lost revenues for each month of suspension, (3) refrain from enforcing any prison rules in conflict with PAL's corporate charter in the absence of a security problem. The named defendants are Glen Jeffes, the Commissioner of the Pennsylvania Bureau of Corrections, Ronald Marks, the former commissioner, George Petsock, Superintendent of SCIP, the Commonwealth Bureau of Correction and SCIP.

This matter is currently before us on preliminary objections of the defendants, who challenge our subject matter jurisdiction over the action and otherwise demur to the plaintiffs' complaint.[1]

We must, of course, first address the question of our original jurisdiction, governed by 42 Pa. C. S. §761(a), which provides in part:

(a) General Rule—the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) against the Commonwealth government, including any officer thereof, acting in his official capacity . . . .

---

[1] Defendants' preliminary objection in the nature of a demurrer is deemed to admit all well-pleaded facts and all inferences reasonably deduced therefrom, but not plaintiffs' conclusions or averments of law. *Commonwealth ex rel. Saunders v. Creamer*, 11 Pa. Commonwealth Ct. 160, 312 A.2d 454 (1973). Upon examination, we may sustain the objection only if the plaintiffs' complaint fails to state a cause of action which, if proved, would entitle them to the relief requested, and we must overrule the objection if any doubt remains as to the propriety of dismissing the complaint. *Wells v. Pittsburgh Board of Public Education*, 31 Pa. Commonwealth Ct. 1, 374 A.2d 1009 (1977).

That jurisdictional criterion applies to mandamus actions. *Mallard Associates v. Pennsylvania Department of Health,* 64 Pa. Commonwealth Ct. 208, 439 A. 2d 866 (1982).

In *Staley v. Commonwealth,* 33 Pa. Commonwealth Ct. 22, 380 A.2d 515 (1977), we held that, for jurisdictional purposes, the commissioner of the Commonwealth Bureau of Corrections is an "officer." Therefore, we have original jurisdiction over the actions against the defendants who are named as having acted in their official capacity as commissioners of the Bureau of Correction.[2]

We also held in *Staley* that the superintendent of a state correctional institution, who is not charged with the requisite kind of statewide policymaking responsibility, *Mickens v. Jeffes,* 71 Pa. Commonwealth Ct. 68, 453 A.2d 1092 (1983), is an employee rather than an officer. *Accord Bass v. Cuyler,* 36 Pa. Commonwealth Ct. 74, 387 A.2d 964 (1978). However, the claim against Superintendent Petsock is ancillary to the claims against Commonwealth parties and, therefore, under 42 Pa. C. S. §761(c), we may also exercise original jurisdiction over that claim despite the superintendent's status as employee. *Tokar v. Department of Transportation,* 480 Pa. 598, 391 A.2d 1046 (1978).

---

[2] Defendant's claim of official immunity, with respect to the office of Commissioner, presents neither a jurisdictional question nor one properly cognizable as a demurrer under the heading of preliminary objections. Pa. R.C.P. No. 1030 prompts us to forego previous leniency extended on this point of procedure because it requires that an immunity claim be pleaded as an affirmative defense in a responsive pleading under new matter, as this court has earlier noted. *Storch v. Pennsylvania Board of Probation and Parole,* 68 Pa. Commonwealth Ct. 74, 449 A.2d 760 (1982). Resolution of the immunity issue within a fuller context—at least with the pleadings completed —is particularly appropriate here because the money damages element of the claimed relief may require consideration of the applicability of 42 Pa. C. S. §8303, a question of first impression.

The requirements for stating a cause of action in mandamus to compel performance of a ministerial act are familiar. Petitioners must establish that they have a clear legal right, that the respondents have a corresponding legal duty, and that there is no other adequate or appropriate remedy at law. *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965). Mandamus is an extraordinary remedy, and will not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is arbitrary, fraudulent or based upon a mistaken view of the law. *South Whitehall Township v. Department of Transportation,* 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974).

The defendants argue that the prisoners had no right to establish PAL initially, and therefore that the defendants had no corresponding duty to insure its continued operation; rather, they claim, the grant of permission to participate in PAL was entirely within the discretion of the prison officials, and therefore, the complaint fails to state a cause of action in mandamus. The prisoners claim that they do have a right to continued operation of PAL, and that the prison officials may not, in the proper exercise of their discretion, interfere with PAL activities in the absence of a threat to order, discipline or security within the prison.

We do not hold pro se complainants to the stringent standards expected of pleadings drafted by lawyers, and will examine the substance of their complaint to determine if plaintiffs would be entitled to relief if they proved the facts averred. *Commonwealth ex rel. Saunders v. Creamer,* 464 Pa. 2, 345 A.2d 702 (1975). Therefore, although the prisoners' complaint does not identify the sources of their claimed right, we believe it to be in the nature of a right of association, recog-

nized as implicit in the First Amendment. *Kusper v. Pontikes,* 414 U.S. 51 (1973).

Although prisoners do not lose all constitutional rights upon incarceration, the very nature of confinement and the orderly regulation of prison life require the withdrawal and limitation of certain rights and privileges. *Hewitt v. Helms,* 459 U.S. 460, (1983). Prison officials are afforded wide latitude in exercising discretion in the administration of prison affairs, but it is not so wide as to permit them to ignore prisoners' First and Fourteenth Amendment rights. *Commonwealth ex rel. Lindsley v. Robinson,* 30 Pa. Commonwealth Ct. 96, 372 A.2d 1258 (1977).

The prisoner's protected interest must be weighed against the government's concern with the maintenance of order, discipline and security within the prison. As the Supreme Court stated in *Pell v. Pocunier,* 417 U.S. 817, 822 (1974):

> A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penalogical objectives of the correction system. Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the correction system, to whose custody and care the prisoner has been committed in accordance with due process of law.

The pivotal decision of the United States Supreme Court addressing the question of prisoners' associational rights is *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119 (1977), where a majority found that, if prison officials reasonably believe that an inmates' labor union would be disruptful to the prison environment, they may constitutionally restrict

the inmates' union and solicitation activities. Thus, *Jones* recognizes the prisoners' right of association, but demonstrates that the right will yield to prison regulations which are rational and reasonably related to the interests of security and discipline within the prison.

The prisoners' right here, in continuing to operate PAL, is similar. Following *Jones*, that right is subject to the minimal "reasonableness test" of constitutional analysis, and must yield to any rationally based prison restriction. However, neither the objections nor the brief for defendants has offered any basis whatever for the suspension of PAL activities, nor do they suggest that the continued operation of PAL in any way would pose a threat of disruption to the prison or be otherwise inconsistent with the inmates' status as prisoners. *Pell.* The preliminary objections simply assert that the prison officials have absolute discretion to grant or deny permission to carry on PAL activities. We must disagree.

In the absence of some rational basis offered and proved by the prison officials for their suspension and other restrictions of PAL activities, we must conclude that the prisoners' complaint does establish a clear legal right and a corresponding legal duty on the part of the prison officials not to infringe improperly on that right.

> As the duty not to interfere with the exercise of [First Amendment] rights is one which a public officer must perform in a prescribed manner in accordance with the mandates of law, when confronted with a given factual matrix, such a duty is clear and ministerial in the context of mandamus.

*Commonwealth ex rel. Lindsley,* 30 Pa. Commonwealth Ct. at 102, 372 A.2d at 1261.

Further, the plaintiffs do not have an adequate or appropriate legal remedy for their perceived wrong[3] and therefore have stated a cause of action in mandamus. Thus defendants' preliminary objections in the nature of a demurrer must be overruled.

Accordingly, defendants' preliminary objections are overruled.

ORDER

Now, October 5, 1984, defendants' preliminary objections are overruled.

---

[3] Defendants' contention that the money damages claim against the Bureau of Corrections and SCIP belongs before the Board of Claims rather than this court is without merit because plaintiffs' claim is not founded on theories of contract with the Commonwealth. 72 P.S. §4651-4.