**Wayne O. AULTMAN, Jr., Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 28, 1996.
Decided Nov. 8, 1996.

No appearance entered for petitioner.

Robin M. Lewis, Assistant Counsel, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Before us in our original jurisdiction are the preliminary objections filed by the Department of Corrections (Department) to the petition for review filed by Wayne O. Aultman, Jr., pro se (Petitioner), seeking mandamus and equitable relief.

In his petition for review, Petitioner avers that he is an inmate at the State Correctional Institution at Frackville (SCI–Frackville) and that beginning October 11, 1995, he at-

tended in-house educational classes. Petitioner avers that under the Department's internal directive, Administrative Directive 816 entitled Inmate Compensation System (hereinafter DC–ADM 816), he received compensation for each hour he attended class each day at the rate of .24 cents per hour. (DC–ADM 816, VII, p. 816–2.) Petitioner also avers that before he began attending school, he had been receiving an inmate allowance [1] for four hours per day, five days per week, at the rate of .18 cents per hour. Petitioner avers that he receives this allowance for maintaining the cleanliness of his cell, accepting responsibility for a share of the necessary work in the housing unit and for being willing to accept any employment offered to him. Petitioner further avers that under DC–ADM 816, if an inmate attends school and works, he can be compensated for a total of eight hours a day for combined school hours and work hours and that nowhere in DC–ADM 816 does it state that an inmate forfeits his inmate allowance if he attends school.[2] Thus, Petitioner avers that after he began classes, the Department wrongfully deducted his school allowance from his inmate allowance, in violation of his right to due process under the law.

Petitioner filed an inmate grievance with F. Patrick Davison, Inmate Employment Officer, pursuant to the Consolidated Inmate Grievance Review System, DC–ADM 804, requesting that he be paid for attending school for four hours per day, five days per week, and that he also be paid four hours per day, five days per week of inmate allowance. After Davison denied his request, Petitioner filed an appeal with Superintendent James W. Chesney, who affirmed the prior decision.[3]

Thereafter, Petitioner filed his petition for review with this Court on December 11, 1995, along with a Motion to Proceed In Forma Pauperis. By order of this Court, Petitioner was granted leave to proceed in forma pauperis and the petition for review was to be treated as though filed in our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761. Petitioner seeks a permanent injunction against the Department prohibiting the Department from any further deductions from his pay. Petitioner also seeks a mandamus ordering the Department to refund all illegally deducted monies to him immediately. The Department has filed preliminary objections raising failure to exhaust administrative remedies and failure to state a cause of action.

### Discussion

■ The Department argues that this petition is not properly before us because Petitioner has failed to exhaust his administrative remedies. The purpose of the exhaustion doctrine is to ensure that claims

---

1. Pursuant to DC–ADM 816 IV Definitions, "compensation" is defined as "[m]oney provided to an inmate as: (1) an allowance, (2) for attending class, or (3) for working." "Allowance" is further defined as "[a] stipend that *may be* provided to inmates who are unassigned to specific details but are required to maintain the cleanliness of the cell or living area, accept responsibility for a share of the necessary work in the housing area, and must accept any employment offered or forfeit the allowance." (Emphasis added.)

2. DC–ADM 816 Section VI, entitled "Length Of Work Day Or Work Week," provides as follows:

   The standard work day consists of eight hours, and the standard work week consists of five days. Hours of work shall be computed from the time of arrival at, and departure from the classroom or the work site. If the work is less than an eight hour per day assignment, the pay is only for the hours worked each day.
   . . . .

Section VII, entitled "Class Attendance," provides in pertinent part:
   Students attending academic or vocational class on institutional grounds will be paid at Class 2 Step B for each hour attended. *The total school hours and work hours combined must not exceed eight (8) hours* multiplied by the number of work days available in the pay period. . . . (Emphasis added.)

3. Petitioner avers in his "Traverse to Respondent's Preliminary Objections" filed with this Court on May 20, 1996, that he filed a final appeal with the Corrections Office Review Committee but he had yet to receive a response from the Department. On July 5, 1996, Petitioner filed his Addendum to his Traverse and attached the June 4, 1996 letter from Commissioner Martin F. Horn in which the Commissioner determined that the action taken at the institutional level would be upheld, thereby constituting a final denial of Petitioner's request to receive both school pay and the inmate allowance. (Original Record, Item 1.)

will first be heard by the body having expertise in the area. *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa. Cmwlth. 561, 493 A.2d 146 (1985). Although Petitioner had not exhausted his administrative remedies prior to filing his petition for review, the record is clear that on January 26, 1996, the Department notified Petitioner that no record of his final appeal had been found but that he could file another final appeal and it would be considered timely. Petitioner then filed his final appeal on or about March 13, 1996 and the Department made its final determination on June 4, 1996, upholding the Institution's decision denying Petitioner's request for a refund of his pay allowance. This preliminary objection is, therefore, overruled.

█ Next, the Department demurs to the mandamus count asserting that Petitioner cannot obtain mandamus to compel the Department to refund property to Petitioner where Petitioner has not established that he has any legal right to relief. Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded facts and inferences reasonably deduced therefrom but not conclusions of law. *Madden v. Jeffes*, 85 Pa.Cmwlth. 414, 482 A.2d 1162 (1984). We will sustain the objection only if the petitioner's petition for review fails to state a cause of action which, if proved, would entitle him to the relief requested, and we will overrule the objection if any doubt remains as to the propriety of dismissing the petition for review. *Wells v. Pittsburgh Board of Public Education*, 31 Pa.Cmwlth. 1, 374 A.2d 1009 (1977).

█ In order for Petitioner to establish a cause of action in mandamus, he must prove that he has a clear legal right, that the Department has a corresponding legal duty, and that there is no other adequate or appropriate remedy at law. *Madden*. Petitioner avers that he has a property interest in the inmate allowance or "idle pay" and that the Department cannot take his property without due process of law. Since the Department did not afford him a hearing before they "confiscated his money," Petitioner argues

that his only remedy is to seek a mandamus to compel the Department to refund his wrongfully confiscated money.

Petitioner argues that the inmate allowance or "idle pay" is paid to inmates who, through no fault of their own, are not given employment within the Institution. Petitioner asserts, however, that an inmate is not paid the inmate allowance for just sitting around and doing nothing; the inmate is expected to maintain his cell and the common areas of the housing unit and remain willing to accept any offer of employment within the Institution. According to Petitioner, the inmate who receives this allowance is being paid for "work" as that term is used in DC ADM–816 and is eligible under this directive for up to eight hours per day, five days per week of combined "work" and school pay.[4] Therefore, Petitioner asserts, because he has a property interest in the maximum allowance pay of four hours per day, five days per week of which the Department has wrongfully deprived him since he started attending in-house classes in October, 1995, this Court may properly issue a mandamus directing the Department to refund his monies.

In *McCoy v. Chesney*, 1996 WL 119990 (E.D.Pa.1996, Civil Action No. 95–2552, filed March 18, 1996), the plaintiff, who had been removed from idle pay status as a result of his misconduct, claimed a property interest in receiving idle pay. The Court stated that "[a] person claiming a property interest in a benefit must have more than an abstract need or desire for it[,] '[h]e must, instead, have a legitimate claim of entitlement to it.'" *Id.* at *3. (Citation omitted.) The Court went on to state that:

[t]he Court of Appeals for the Third Circuit has held that, traditionally, prisoners have had no entitlement to any employment in the prison system ... Consequently, I find that if an inmate is not entitled to an income-producing job assignment, he is likewise not entitled to monies simply for remaining idle....

*Id.* The Court concluded that the plaintiff had no property interest in idle pay and therefore the Institution's suspension of his

4. *See* footnote 2, infra.

idle pay without a hearing was not a violation of his Fourteenth Amendment right to due process. Although Petitioner herein has not been removed from idle pay status because of misconduct, we find the District Court's analysis persuasive.

Accordingly, we conclude that Petitioner does not have a property interest in receiving the benefit of the inmate allowance and therefore we will sustain the Department's preliminary objection and dismiss the petition for review for failure to state a cause of action.

### ORDER

**AND NOW,** this 8th day of November, 1996, we hereby overrule the Department's preliminary objection raising failure to exhaust administrative remedies, but sustain its preliminary objection raising failure to state a cause of action. Thus, we dismiss the petition for review.