

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2002

# Fidtler v. PA Dept Corrections

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3994

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Fidtler v. PA Dept Corrections" (2002). *2002 Decisions*. Paper 767.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/767

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No: 01-3994

———————

JOSEPH FIDTLER,

Appellant

v.

PA DEPARTMENT OF CORRECTIONS;
CHARLES STROUP; KAREN RODGERS;
CHARLES MCCLOSKEY; RAY P. SMITH

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-00955)
District Judge: Honorable Yvette Kane

———————

Submitted Under Third Circuit LAR 34.1(a)
on September 9, 2002

Before: NYGAARD, ROTH
and WEIS  Circuit Judges

(Opinion filed: November 25, 2002)

———————

ROTH, Circuit Judge:

Appellant Joseph Fidtler brought a civil rights action in the Court of Common Pleas of Northumberland County, Pennsylvania, against the Department of Corrections and several of its employees. In his suit, he challenged a new prison policy on inmate compensation. The defendants removed the case to the United States District Court for the Middle District of Pennsylvania. The District Court dismissed his suit and Fidtler appealed.

Pursuant to Department of Corrections Amendment 816, "any inmate refusing an education program should not be compensated in any manner." Because Fidtler refused to participate in an adult education program, he was refused "idle pay." "Idle pay" is given to inmates who, through no fault of their own, do not have a prison work assignment. DC ADM 816-5. Fidtler claims on appeal that (1) the claims brought against the Department of Corrections for Pennsylvania are not barred by the Eleventh Amendment, (2) the refusal of an allowance without notice or a hearing violates the Fourteenth Amendment's conception of due process, and (3) the policy change constitutes an illegal *ex post facto* law.

We have jurisdiction pursuant to 28 U.S.C. § 1291 from the final order dismissing the case under Rule 12(b)(6). We exercise plenary review to determine whether Fidtler is entitled to any relief under any reasonable reading of the pleadings. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d

2

Cir. 1996)).

The District Court concluded that Fidtler's claim was barred by the Eleventh Amendment on the basis that a state agency is not a person within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1991). Under Will, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. However, since the time that the District Court dismissed Fidtler's claim against the department and the individual defendants in their official capacities as barred by the Eleventh Amendment, the Supreme Court has ruled in Lapides v. Board of Regents of the University System of Georgia, 122 S. Cit. 1640 (2002), that a state's removal of a suit to federal court constitutes waiver of its Eleventh Amendment immunity. Under Lapides, therefore, the dismissal of the claims on Eleventh Amendment grounds cannot stand.

The District Court did, however, go on to consider the merits of Fidtler's claim. First, the District Court held that Fidtler had failed to show an interest in receiving idle pay which was protected by the Due Process Clause of the Fourteenth Amendment. See Aultman v. Dept. of Corrections, 686 A.2d 40, 42-42 (Pa. Commw. Ct. 1996), aff'd 701 A.2d 1359 (Pa. 1997); McCoy v. Chesney, 1996 WL 119990, **2-3 (E.D.Pa. Mar. 18, 1996). Additionally, we have held that a state inmate does not have a liberty or property interest in prison employment. Bryan v. Verner, 516 F.2d 233, 240 (3d Cir. 1975). Therefore, Fidtler has failed to show an interest protected by the Fourteenth Amendment.

Moreover, we agree with the District Court that the new policy does not constitute an illegal *ex post facto* law. The Supreme Court has described an illegal *ex post facto* law

3

as one "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 18 L.Ed. 356 (1867)). Further, the *ex post facto* clause only applies to laws that are penal in nature. Collins v. Youngblood, 497 U.S. 37, 41 (1990).

The enactment of the new policy is not punitive. It is meant only to encourage inmates to participate in educational programs. Courts give broad deference to prison administrators' policies that are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Moreover, the policy does not affect Fidtler's term of incarceration in any way. Hence, the policy does not fall within the ambit of an illegal *ex post facto* law.

Because we agree with the District Court that there is no due process violation and that the new policy is not an illegal *ex post facto* law, we will affirm the dismissal of Fidtler's action by the District Court.

4

_____

TO THE CLERK:

       Please file the foregoing Opinion.

By the Court,

   /s/ Jane R. Roth    
     Circuit Judge