## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert Gene Rega, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Department | : | |
| of Corrections; John E. Wetzel, | : | |
| (Secretary); Robert Gilmore, | : | |
| (Superintendent); Karen Patterson, | : | |
| (Business Manager); Leslie Wynn, | : | |
| (Accountant); J. Kennedy, | : | |
| (Accountant); J. Pauley (Accountant); | : | |
| John and Jane Doe's, | : | No. 574 M.D. 2014 |
| Respondents | : | Submitted: June 19, 2015 |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
HONORABLE MARY HANNAH LEAVITT, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                    FILED:  August 25, 2015

Before this Court are the preliminary objections of the Pennsylvania Department of Corrections (DOC), John E. Wetzel, (Secretary);  Robert  Gilmore, (Superintendent);   Karen   Patterson,   (Business   Manager);   Leslie   Wynn, (Accountant); J. Kennedy, (Accountant); J. Pauley (Accountant); and John and Jane Doe's, (collectively, Respondents), to Robert Gene Rega's (Rega), petition for review in the nature of a complaint in equity and in the nature of a complaint for declaratory judgment in this Court's original jurisdiction.  Also, before this Court is Rega's motion for summary relief.

Rega is incarcerated at the State Correctional Institution at Greene (SCI-Greene). Rega commenced an action on October 7, 2014, against the Respondents.

In his original petition for review, Rega sought a declaratory judgment that DOC's policy, DC-ADM-003(F)(4), violated his property rights and was unconstitutional as it applied to the charge of a $15.00 search and retrieval fee, $1.00 for the first page, and $.25 for each additional page for a prisoner who sought access to information in his personal prisoner account information through a digital paper printout. Rega also requested a court order that would prohibit the imposition of fees associated with DC-ADM-003(F)(4), the issuance of a court order that would prohibit a fee of more than $.25 per page and/or a fee reasonably related to the cost of reproduction, reimbursement of costs of litigation, and discovery of the cost of a digital printout.

The Respondents preliminarily objected. Rega filed an application for leave to amend his petition which this Court granted by order dated December 5, 2014.

In the amended petition, Rega alleged:

3). Petitioner [Rega] is a state prisoner at S.C.I. Greene, and due to this, the D.O.C. has a legal duty to maintain an account for the Petitioner [Rega] pursuant to, 61 Pa.C.S.A. [sic] §3124(a). . . .

4). Petitioner [Rega] avers that the balances of said account is [sic] the sole property of the Petitioner [Rega] as provided by the property rights retained by Article I,

2

§10 of the Pennsylvania Constitution and the 5th and 14th Amendments to the United States Constitution, as provided by 61 Pa. C.S.A. [sic] §3125(a) 7 (b).

5). Petitioner [Rega] avers that the language contained in, 18 Pa.C.S.A. [sic] §5123(b), establishes that the monetary balance in a prisoner account is the property of said prisoner.

6). Petitioner [Rega] avers since 61 Pa.C.S.A. [sic] §3124(a), is a mandate to maintain an account for the sole benefit of the . . . prisoner, thus the records generated by the inmates [sic] account activity; (e.g.) deposits and withdrawals, makes all records pertaining to that personal account the prisoners [sic] personal property, as the D.O.C. merely maintains the monetary balances due to the provisions of, 18 Pa.C.S.A. [sic] §5123(b), which prohibits prisoner possession of U.S. currency.
. . . .
8). Petitioner [Rega] avers that Respondent Wetzel, through and by the Pennsylvania Department of Corrections is directly responsible for issuing statewide administrative directives and/or statements of policy; namely DC-ADM-003.

9). Petitioner [Rega] avers that Respondents Gilmore, Patterson, Pauley, Wynn, Kennedy, and John and Jane Doe's . . . as subordinates of the Secretary, are responsible for complying with and/or carrying out the reasonable application of the above Statement of Policy, DC-ADM-003, and/or the internal rules of the facility.

10). Respondent Wetzel and/or his predecessor, issued DC-ADM-003, on or about November 24, 2010.

11). Petitioner [Rega] avers that since 2002, upon request, Petitioner [Rega] was able to receive a One Page, (15) day 'printout' of his account for a nominal fee of (10¢), so that Petitioner [Rega] could track . . . recent deposits/withdrawals and more specifically, the ability to quickly confirm that legal mailings which were effectuated by 'cash slip', were processed, in the

3

mailroom (as that is were [sic] postage by cash slip is deducted), and not destroyed by a rogue Officer. . . .

12). Petitioner [Rega] avers the timely tracking of his outgoing mail determines the ability to locate mail inadvertently or otherwise misplaced. After 30 days (hiatus between issued statements), will render any hope in locating the missing mail futile. In short, it's GONE! . . . .

14). Petitioner [Rega] avers that on June 2, 2014, June 9, 2014, and June 13, 2014, the Respondents refused to provide Petitioner [Rega] with a (15) day printout of his account and/or provide pertinent account activity information by way of a DC-135A (Request to Staff), without Petitioner [Rega] first paying a ($15.00) search and retrieval fee, and ($1.00), for the first page, pursuant to DC-ADM-003(F)(4). . . .

15). Petitioner [Rega] avers that the above Respondents have, with contempt for the Petitioners [sic] [Rega] right to access the data contained in the Petitioner's [Rega] account, has on or about June 1, 2014, arbitrarily applied DC-ADM-003(F)(4), copying charges, as a means to fleece Petitioner [Rega] with a ($15.00) search and retrieval fee, and ($1.00) for the first page, and (.25¢) for each page thereafter, so as to stymie Petitioner's [Rega] access to his own account information.

16). Petitioner [Rega] avers that the fees charged are not reasonably related to the cost of reproducing the account printout. . . .

17). Petitioner [Rega] believes, therefore avers this practice violates the Petitioner's [Rega] constitutional property rights under the Taking Clause.

18). Petitioner [Rega] believes, and therefore avers this practice violates the Petitioner's [Rega] constitutional property rights under the 5th and 14th Amendments to the United States Constitution.

19). Petitioner [Rega] believes, and therefore avers this practice violates the Petitioner's rights under state tort

conversion of property laws, and is actionable pursuant to
42 Pa. C.S.A. [sic] §8522(b)(3). (Emphasis in original.)

Petition for Review (In the Nature of a Complaint in Equity) (In the Nature of a Complaint for Declaratory Judgment), December 11, 2014, (Amended Petition), Paragraph Nos. 3-6, 8-12, and 14-19 at 3-6.

In Count 1 of the Amended Petition, Rega asserted that his property rights were violated because the personal financial records were his property. In Count 2 of the Petition, Rega asserted that his property rights were violated under "the Taking Clause pursuant to the 5th and 14th Amendments." Amended Petition, Paragraph No. 40 at 9. In Count 3 of the Petition, Rega asserted that the Respondents have violated his property rights under the "tort of conversion of property under common law." Amended Petition, Paragraph No. 43 at 10. Rega sought the same relief as in the original petition for review.

On December 8, 2014, Rega moved for summary relief. In the motion, Rega asserts that he has a clear right to relief according to DOC's own internal rules and the policy, DC-ADM-003(F)(1). Rega also asserts that it is clear that the policy as applied does not meet the standard of having a legitimate penological interest because it is applied arbitrarily and lacks adherence to the fundamental goals asserted by DOC. Rega further states that because he has a property interest in the funds held in his prison account, he need only compensate DOC for the cost of the document.

On January 14, 2015, the Respondents preliminarily objected to the amended petition for review. First, the Respondents preliminarily object on the

5

basis that this Court lacks subject matter jurisdiction over SCI-Greene Superintendent Robert Gilmore, SCI-Greene Business Manager Karen Patterson, and SCI-Greene Accountants J. Pauley, Leslie Wynn, and J. Kennedy because they are not statewide officers.

Second, the Respondents preliminarily object in the nature of a demurrer and allege:

16. Inmates within the Department's [DOC] custody are provided with a free inmate account statement each month. . . .

17. Additional copies of an inmate's account statement must be paid for by the inmate pursuant to Department [DOC] policy DC-ADM 803, 'Release of Information'. . . .

18. Department policy DC-ADM 003 provides that the costs for copying documents other than inmate medical records and documents released under the Right to Know Law . . . are as follows:
a. a $15.00 search and retrieval fee, except that the search and retrieval fee shall not be charged to any Commonwealth agency, criminal justice agency, or district attorney;

b. for records maintained on paper, a fee of $1.00 for the first page and $.25 per page thereafter; and

c. for records maintained on microfiche, photographic records or other non-paper records, a fee equal to the actual cost of reproducing the records. . . .

19. Petitioner [Rega] does not allege that he was denied his monthly statement or that he was required to pay for his regular monthly account statement. . . .

6

20. Rather, Petitioner [Rega] challenges the cost of obtaining additional account statements outside of his regular monthly statement.

21. Rather, he asserts that he should not have to pay the costs associated with additional copies of his account statement. He requests that a lower cost be assessed: the $.10 per page charge associated with copying in-hand documents (those in the inmate's possession); or the $.25 cent per page charge association with RTKL [Right to Know Law] requests. . . .

22. The Department [DOC] is entitled to charge for costs associated with retrieving and copying documents requested by inmates. . . .

23. Because Petitioner [Rega] does not have a clear right to free additional copies of his account statement, and because the cost of additional copies is clearly provided in the Department's policy, DC-ADM 003, Petitioner's [Rega] claim fails.
(Citations and footnote omitted.)

Respondents' Preliminary Objections to Amended Petition for Review, January 14, 2015, Paragraph Nos. 16-23 at 4-6.

Initially, this Court will address the Respondents' preliminary objections. The Respondents preliminarily object on the basis that this Court lacks subject matter jurisdiction because Robert Gilmore, Karen Patterson, Leslie Wynn, J. Kennedy, and J. Pauley are not statewide officers but are DOC employees at SCI-Greene.

The scope of this Court's original jurisdiction is set forth in Section 761(a) of the Judicial Code, 42 Pa.C.S. §761(a), which provides in pertinent part:

7

(a) General Rule—the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) against the Commonwealth government, including any officer thereof, acting in his official capacity. . . .

In Opie v. Glasgow, Inc., 375 A.2d 396, 398 (Pa. Cmwlth. 1971), this Court explained that an officer of the Commonwealth "performs state-wide policymaking functions and . . . [is] charged with the responsibility of independent initiation of administrative policy regarding some sovereign function of state government," while a Commonwealth employee "functions on an essentially local or regional basis . . . [and] performs subordinate ministerial functions."

In Reider v. Bureau of Corrections, 502 A.2d 272 (Pa. Cmwlth. 1985), William D. Reider petitioned this Court in its original jurisdiction and sought relief from the actions of the Bureau of Corrections (Bureau)[1] regarding prerelease status. Besides the Bureau, also named in the petition were the acting commissioner of the Bureau, the executive assistant to the commissioner, the superintendent at the State Correctional Institution at Huntingdon, and the deputy superintendent at the State Correctional Institution at Huntingdon. The respondents in the action preliminarily objected on the basis that this Court lacked jurisdiction over the superintendent and deputy superintendent. Reider, 502 A.2d at 273.

This Court determined that it had jurisdiction over the acting commissioner of the Bureau and could exercise original jurisdiction over the

---

[1] The Bureau of Corrections is now known as DOC.

superintendent and deputy superintendent as ancillary to the claims against the acting commissioner. Reider, 502 A.2d at 274.

In making that determination, this Court relied on Madden v. Jeffes, 482 A.2d 1162 (Pa. Cmwlth. 1984). In Madden, this Court held that it had original jurisdiction over the commissioner of the Bureau and also stated:

> [T]he superintendent of a state correctional institution, who is not charged with the requisite kind of statewide policy making responsibility . . . is an employee rather than an officer. . . . However, the claim against [the] superintendent is ancillary to the claims against Commonwealth parties and, therefore, under 42 Pa.C.S. § 761(c), we may also exercise original jurisdiction over that claim despite the superintendent's status as employee.

Madden, 482 A.2d at 1165.

Here, Rega makes claims against DOC as well as the Secretary of DOC, John E. Wetzel (Secretary Wetzel). Although the other respondents are employees and not officers of the Commonwealth, the claims against DOC and Secretary Wetzel are within this Court's original jurisdiction. The claims against the other respondents are ancillary to those claims. Therefore, this Court will exercise jurisdiction and deny the Respondents' preliminary objection.

The Respondents next object on the basis that Rega fails to state a claim for deprivation of due process rights and interference with property rights where no protected interest is implicated and where DOC is entitled to establish costs for the production and copying of documents.

9

In considering preliminary objections, this Court must consider as true all the well-pleaded material facts set forth in the petitioner's petition and all reasonable inferences that may be drawn from those facts. Mulholland v. Pittsburgh National Bank, 174 A.2d 861, 863 (Pa. 1961). Preliminary objections will be sustained only in cases clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Werner v. Zazyczny, 681 A.2d 1331 (Pa. 1996).

Rega alleges that DOC's policy regarding the copying costs for additional copies of his inmate account statements violates his Fifth and Fourteenth Amendment rights, as well as his common law property rights, because the costs of obtaining copies are excessive.

Inmates under DOC supervision are provided with a free inmate account statement on a monthly basis. However, if an inmate wants an account statement apart from the free monthly statement, he must pay for it pursuant to DOC's policy contained in DC-ADM 003 which provides that the costs for copying documents, other than inmate medical records and documents released under the Right to Know Law (Law),[2] are a $15.00 search and retrieval fee plus, for records maintained on paper, a fee of $1.00 for the first page and $.25 per page thereafter, and, for records maintained on microfiche, photographic records or other non-paper records, a fee equal to the actual cost of reproducing the records.

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

10

Rega does not allege that he was denied access to his monthly statement. Further, Rega does not allege that he was required to pay for the statement. Rather, Rega asserts that he should not have to pay as much as DOC charges for the production and copying of his inmate account records beyond the free monthly statement. Rega asserts that DOC's practice violates his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, violates his property rights, and results in a conversion of his property.

Regarding Rega's claims, when a claim is raised that a prison regulation impinges on an inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Payne v. Department of Corrections, 871 A.2d 795, 810 (Pa. 2005), citing, Turner v. Safley, 482 U.S. 78 (1987).

DOC argues that the reasons for the costs are administrative and budgetary concerns which are legitimate penological interests. This Court noted in Mobley v. Coleman, 65 A.3d 1048 (Pa. Cmwlth. 2013), that budgetary constraints constitute a valid penological interest.

However, while budgetary concerns may be legitimate penological interests, this Court may not consider them when ruling on preliminary objections, if the matter is raised collaterally to the petition for review or complaint. In Mobley, Kevin Mobley brought a class action against state prison officials, including Secretary Wetzel, to challenge the refusal to allow services for Nation of

11

Islam inmates separate from services for Sunni Muslims. The prison officials filed preliminary objections in the form of a demurrer and asserted that the reason for not providing separate services was based on legitimate penological interests including time and space limitations, safety, security, and resource concerns. Mobley, 65 A.3d at 1050-1052.

> This Court determined:
>
> While all of those concerns set forth in their preliminary objections are valid penological interests that could justify their position, those reasons cannot be advanced because when considering a demurrer, a court cannot consider matters collateral to the complaint, but must limit itself to such matters as appear therein, and an effort to supply facts missing from the objectionable pleading makes the preliminary objection in the nature of a demurrer an impermissible 'speaking demurrer.' Stilp v. Commonwealth, 910 A.2d 775 (Pa. Cmwlth. 2006); see also Regal Industrial Corporation v. Crum & Foster, Inc., 890 A.2d 395, 398 (Pa. Super. 2005) (defining a speaking demurrer as one which requires the aid of a fact not appearing on the face of the pleading being objected to and noting that a speaking demurrer cannot be considered in sustaining preliminary objections).

Mobley, 65 A.3d at 1053.

Here, as in Mobley, the assertion that there is a valid penological interest in limiting an inmate to one free statement a month and the validity of the amounts charged for any copies of the inmate account in between the issuance of the monthly statements is a speaking demurrer which this Court may not consider.[3]

---

[3] The Respondents also argue that this Court lacks subject matter jurisdiction because Rega cannot identify a personal or property interest not limited by DOC's regulations **(Footnote continued on next page…)**

12

This speaking demurrer may not be used to dismiss Rega's claims, constitutional and otherwise, related to his alleged property interest.[4]

Accordingly, this Court overrules the preliminary objections of the Respondents and denies Rega's motion for summary relief. This Court directs the Respondents to file and answer within thirty days.

_____
BERNARD L. McGINLEY, Judge

_____
**(continued…)**

and which has been affected by a final decision of the Department. The Respondents argue that because DOC has the right to impose costs for copying services that Rega has no claim. This Court cannot make that determination based on the facts contained in Rega's amended petition.

[4] Regarding Rega's motion for summary relief, Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1532(b), provides, "At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." "An application for summary relief is properly evaluated according to the standards for summary judgment." McGarry v. Pennsylvania Board of Probation and Parole, 819 A.2d 1211, 1214 n.7 (Pa. Cmwlth. 2003) (citing Gartner v. Pennsylvania Board of Probation and Parole, 469 A.2d 697 (Pa. Cmwlth. 1983)). "In deciding a motion for summary judgment, an application for summary relief may be granted if a party's right to judgment is clear . . . and no issues of material fact are in dispute." McGarry, 819 A.2d at 1214 n.7. (citation omitted). Based on what is before this Court, it is not clear that Rega has a clear right to judgment. As a result, this Court denies the application for summary relief.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Gene Rega,                              :
                    Petitioner                 :
                                               :
            v.                                 :
                                               :
Pennsylvania Department                        :
of Corrections; John E. Wetzel,                :
(Secretary); Robert Gilmore,                   :
(Superintendent); Karen Patterson,             :
(Business Manager); Leslie Wynn,               :
(Accountant); J. Kennedy,                      :
(Accountant); J. Pauley (Accountant);          :
John and Jane Doe's,                           :      No. 574 M.D. 2014
                    Respondents                :

# **O R D E R**

AND NOW, this 25th day of August, 2015, this Court overrules the preliminary objections of the Pennsylvania Department of Corrections; John E. Wetzel, (Secretary); Robert Gilmore, (Superintendent); Karen Patterson, (Business Manager); Leslie Wynn, (Accountant); J. Kennedy, (Accountant); J. Pauley (Accountant); and John and Jane Doe's (collectively, Respondents) and directs the Respondents to file an answer within thirty days of the date of this order. This Court denies Robert Gene Rega's motion for summary relief.

_____
BERNARD L. McGINLEY, Judge